Richard A. Smith
SMITH & LOWNEY, PLLC
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SIERRA CLUB; and CENTER FOR ENVIRONMENTAL LAW AND POLICY,<br><br>        Plaintiffs,<br>  v.<br><br>DENNIS McLERRAN; LISA JACKSON; and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY<br><br>        Defendants. | COMPLAINT |

## I.  INTRODUCTION

1.  This action is a citizen suit brought under Section 505(a)(2) of the Clean Water Act ("CWA") as amended, 33 U.S.C. § 1365(a)(2). Plaintiffs Sierra Club and Center for Environmental Law and Policy seek a declaratory judgment, injunctive relief, and the award of litigation expenses, including attorneys' and expert witnesses' fees, for defendant United States Environmental Protection Agency's and its Administrators' failure to perform their nondiscretionary duties under CWA Section 303(d)(2), 33 U.S.C. § 1313(d)(2), concerning

COMPLAINT - 1

defendants' obligations to approve or disapprove, and, upon disapproval, to promulgate the total maximum daily load ("TMDL") for PCBs constructively submitted by the Washington Department of Ecology for various segments of the Spokane River.

## II.  JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction under Section 505(a) of the CWA, 33 U.S.C. § 1365(a). The relief requested herein is authorized by 33 U.S.C. § 1365(a).

3. Under Section 505 (b)(2) of the CWA, 33 U.S.C. § 1365(b)(2), Plaintiffs notified Defendants of Defendants' failure to perform their nondiscretionary duties and of Plaintiffs' intent to sue under the CWA by letter dated and postmarked July 18, 2011 ("Notice Letter"). A copy of the Notice Letter is attached to this complaint as Exhibit 1. The allegations in the Notice Letter are incorporated herein by this reference. Plaintiffs also mailed a copy of the Notice Letter to the United States Attorney General.

4. More than sixty days have passed since the notice was served and failure to perform nondiscretionary duties complained of in the Notice Letter are continuing.

5. The office of defendants United States Environmental Protection Agency Region 10 and Dennis McLerran, its Administrator, is located in King County, Washington, within the Western District of Washington, and venue is therefore appropriate in the Western District of Washington pursuant to 28 U.S.C. § 1391.

## III.  PARTIES

6. Plaintiff Sierra Club is suing on behalf of itself and its member(s). The Sierra Club is a national nonprofit organization of approximately 1.3 million members and supporters dedicated to exploring, enjoying, and protecting the wild places of the earth; to practicing and promoting the responsible use of the earth's ecosystems and resources; to educating and enlisting

COMPLAINT - 2

humanity to protect and restore the quality of the natural and human environment; and to using all lawful means to carry out these objectives. The Sierra Club's concerns encompass water quality in the Spokane River. The Club's particular interest in this case and the issues which the case concerns stem from the Washington Department of Ecology's failure to prepare a water quality clean-up plan to address toxic chemicals, PCBs, in the Spokane River, thereby jeopardizing public health and the ability of Sierra Club members to use and enjoy the Spokane River.   The Washington State Chapter of Sierra Club has approximately 23,000 members.

7. Plaintiff Center for Environmental Law and Policy is suing on behalf of itself and its member(s). Center for Environmental Law and Policy is a non-profit corporation organized under the laws of the State of Washington. It was founded in 1993 to serve as a voice for public interest water resource management and preservation in Washington State. It has been actively engaged in advocacy and education to protect and restore water quality in the Columbia River Basin, including the Spokane River system. It is a membership organization with members across Washington, including members who use and enjoy the Spokane River.

8. Plaintiffs have representational standing to bring this action. The recreational, economic, aesthetic and/or health interests of Plaintiffs and their member(s) have been, are being, and will be adversely affected by Defendants' failures to perform their nondiscretionary duties under the CWA. The relief sought in this lawsuit can redress the injuries to these interests.

9. Defendant Dennis McLerran is the Administrator of Region 10 of the United States Environmental Protection Agency and is sued in his official capacity. Defendant McLerran is responsible for the failures of the United States Environmental Protection Agency to perform nondiscretionary duties under the CWA alleged in this lawsuit.

COMPLAINT - 3

10. Defendant Lisa Jackson is the Administrator of the United States Environmental Protection Agency and is sued in her official capacity. Defendant Jackson is responsible for the failures of the United States Environmental Protection Agency to perform nondiscretionary duties under the CWA alleged in this lawsuit.

11. Defendant United States Environmental Protection Agency ("EPA") is an agency of the United States government charged with implementing the CWA.

### IV.     FACTS

12. Congress passed the CWA in 1972 to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). To achieve that objective, Congress declared as a "national goal" that "the discharge of pollutants into the navigable waters be eliminated by 1985." Id.

13. Defendant EPA's regulatory program for water protection focuses on two potential sources of pollution: point sources and nonpoint sources. Point source pollution was addressed in the 1972 amendments to the CWA, where Congress prohibited the discharge of any pollutant from any point source into certain waters unless that discharge complies with the CWA's specific requirements. 33 U.S.C. §§ 1311(a) and 1362(12). Under this approach, compliance focuses on technology-based controls to limit the discharge of pollutants through the National Pollutant Discharge Elimination System ("NPDES") permit process.

14. When these requirements are found insufficient to clean up certain waterbodies, the CWA requires use of a water quality-based approach. States are required to identify such waters and designate them as "water quality limited." The states are then to establish a priority ranking for these waters, and in accordance with that ranking, to establish more stringent pollution limited called "total maximum daily loads," or "TMDLs." 33 U.S.C. §§ 1313(d)(1)(A)

COMPLAINT - 4

and (C). TMDLs are the greatest amount of a pollutant the waterbody can receive daily without violating a state's water quality standard.

15. The TMDL calculations help ensure that the cumulative impacts of multiple point source discharges are accounted for, and evaluated in conjunction with pollution from nonpoint sources. States are then required to take whatever additional cleanup actions are necessary, which can include further controls on both point and nonpoint pollution sources.

16. Under CWA Sec. 303(d), EPA is to approve or disapprove a state's submission of a TMDL within 30 days of submission, and, upon disapproval, EPA is to promulgate its own TMDL within 30 days. 33 U.S.C. § 1313(d)(2). EPA's duties to approve or disapprove a TMDL submission, and to promulgate its own TMDL upon disapproval, are nondiscretionary, and these duties extend to a state's constructive submission of a TMDL.

17. Fifteen waterbody segments of the Spokane River and Lake Spokane (also known as Long Lake), and one segment of the Little Spokane River are on Washington's final and approved 303(d) list for not meeting Washington State's human health water quality criterion for polychlorinated biphenyls (PCBs) in edible fish tissue:

| Waterbody | Reach | Waterbody Number | Watercourse Number | Listing ID |
|---|---|---|---|---|
| Spokane River | Idaho Border to Latah Creek | WA-57-1010 | QZ45UE | 14397 14398 8201 8207 8202 14402 |
| Spokane River | Latah Creek to Ninemile Dam | QA-54-1010 | QZ45UE | 14400 14385 9033 |
| Little Spokane River | Near mouth | QA-55-1010 | JZ70CP | 9051 |
| Lake Spokane (Long Lake) | Ninemile Dam to Lake Spokane Dam | WA-54-9040 | QZ45UE | 9021 36441 |

COMPLAINT - 5

SMITH & LOWNEY, P.L.L.C.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

|  |  |  |  | 9015<br>36440 |
|---|---|---|---|---|
| Spokane River | Lake Spokane Dam to Mouth | WA-54-1020 | QZ45UE | 9027 |

18. The Spokane Tribe human health PCB water quality criterion of 3.37 pg/l (parts per quadrillion) applies to portions of the Lake Spokane (Long Lake) sections and are also not met. Washington State's human health criteria for PCBs is 170 pg/l (5.3 ng/g in fish tissue), the difference between the two standards being primarily due to assumptions about human consumption rates of fish.

19. Listing IDs 8201, 8202, 8207, 9015, 9021, 9027, 9033 and 9051 have been included on the Washington State 303(d) lists since 1996. Listing IDs 14385, 14397, 14398, 14400, 14402, 36440, and 36441 have been included since 2004.

20. In May 2011, the Washington Department of Ecology ("Ecology") published "Spokane River Toxics Reduction Strategy," Department of Ecology Publication No. 11-10-038. At page 19 of this document, Ecology explains that "[a] draft Spokane River PCB TMDL was issued for public comment in June 2006 but was not completed because of the need for more data, including more accurate stormwater data, updated fish tissue sampling results, and the addition of new Spokane Tribe water quality standards for PCBs based on updated fish consumption rates. The draft TMDL was revised with this updated information in 2009 and issued as the Spokane River Source Assessment Report in 2011."

21. Also on that page, Ecology declares the following:

> Ecology is not currently planning to develop a PCB TMDL with wasteload allocations, but this is still a potential tool for the future. Setting wasteload allocations through a TMDL to accomplish that would set a target well below the 'background' PCB concentrations observed in remote bodies of water with no obvious source of contamination other than aerial deposition.

COMPLAINT - 6

      In part because it would establish an impossible near-term target, and based on its experience with the Spokane River Dissolved Oxygen TMDL, which took 12 years to complete, Ecology is opting to proceed directly to implementing measures to reduce all toxics to the Spokane River. Those measures are described in this strategy. Such a *straight-to-implementation* plan is a recent strategy being adopted by EPA and Ecology to address the many bodies of water that are on the list of polluted waters [called the 303(d) list] through tools other than TMDLs. Ecology plans to develop a straight-to-implementation plan for Spokane River toxics in 2012.

22. With its actions, delay, and this declaration, Ecology has constructively submitted to Defendants a TMDL for PCBs in the 303(d)-listed segments of the Spokane River identified above. Defendants have failed to perform their non-discretionary duty to review and approve or disapprove this constructively submitted TMDL, and, in the event of disapproval, to promulgate their own TMDL.

## V.  CAUSE OF ACTION

23. The preceding paragraphs and the allegations in the Notice Letter are incorporated herein.

24. By failing to approve or disapprove Ecology's constructively submitted TMDL for PCBs in the Spokane River segments identified above, and, upon disapproval, to establish their own TMDL, Defendants have failed to perform their nondiscretionary duties under 33 U.S.C. § 1313(d)(2).

25. Defendants are liable for this failure pursuant to 33 U.S.C. § 1365(a).

26. Without the imposition of appropriate declaratory and injunctive relief, Defendants are likely to continue to fail to perform their nondiscretionary duties to the further injury of the Plaintiffs, their member(s) and others.

## VI.  RELIEF REQUESTED

Wherefore, Plaintiffs respectfully request that this Court grant the following relief:

A. Issue a declaratory judgment that Defendants have failed to perform their nondiscretionary duties under 33 U.S.C. § 1313(d)(2) with respect to the Spokane River PCB TMDL constructively submitted by Ecology;

B. Enjoin Defendants to perform their nondiscretionary duties on an expeditious schedule;

C. Award Plaintiff their litigation expenses, including reasonable attorneys' and expert witness fees, as authorized by Section 505(d) of the CWA, 33 U.S.C. § 1365(d); and

D. Award such other relief as this Court deems appropriate.

RESPECTFULLY SUBMITTED this 21st day of October, 2011.

Smith & Lowney, pllc

By: *s/Richard A. Smith*
Richard A. Smith, WSBA #21788
Attorneys for Plaintiff
2317 E. John St.,
Seattle, WA 98112
Tel: (206) 860-2124
Fax: (206) 860-4187
E-mail: rasmithwa@igc.org

**SMITH & LOWNEY, P.L.L.C.**
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883, FAX (206) 860-4187

July 18, 2011

**Via Certified Mail - Return Receipt Requested**
Dennis McLerran, Administrator
Environmental Protection Agency Region 10
1200 Sixth Ave., Suite 900
Seattle, WA 98101

**Via Certified Mail - Return Receipt Requested**
Lisa Jackson, Administrator
Environmental Protection Agency
Ariel Rios Building
1200 Pennsylvania Ave., N.W.
Washington, DC 20460

Re:  **NOTICE OF INTENT TO SUE UNDER THE CLEAN WATER ACT CONCERNING SPOKANE RIVER PCB TMDL**

Dear Administrators McLerran and Jackson:

We represent Sierra Club, 85 Second Street, 2nd Floor, San Francisco, CA 94105, (415) 977-5500, and Center for Environmental Law and Policy, 25 West Main, Spokane, WA 99201, (509) 209-2899. Any response or correspondence related to this matter should be directed to us at the letterhead address. This letter is to provide you with sixty days notice of Sierra Club and Center for Environmental Law and Policy's intent to file a citizen suit against you and EPA (hereinafter, collectively "EPA") under Section 505(a)(2) of the Clean Water Act ("CWA"), 33 USC § 1365(a)(2), for the violations described herein concerning EPA's failure to perform its nondiscretionary duty under CWA Sec. 303(d)(2) with regard to the total maximum daily load ("TMDL") for PCBs in the Spokane River.

Clean Water Act and TMDLs

Congress passed the CWA in 1972 to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). To achieve that objective, Congress declared as a "national goal" that "the discharge of pollutants into the navigable waters be eliminated by 1985." Id.

EPA's regulatory program for water protection focuses on two potential sources of pollution: point sources and nonpoint sources. Point source pollution was addressed in the 1972 amendments to the CWA, where Congress prohibited the discharge of any pollutant

Notice of Intent to Sue - 1

from any point source into certain waters unless that discharge complies with the CWA's specific requirements. 33 U.S.C. §§ 1311(a) and 1362(12). Under this approach, compliance focuses on technology-based controls to limit the discharge of pollutants through the National Pollutant Discharge Elimination System ("NPDES") permit process.

When these requirements are found insufficient to clean up certain waterbodies, the CWA requires use of a water quality-based approach. States are required to identify such waters and designate them as "water quality limited." The states are then to establish a priority ranking for these waters, and in accordance with that ranking, to establish more stringent pollution limited called "total maximum daily loads," or "TMDLs." 33 U.S.C. §§ 1313(d)(1)(A) and (C). TMDLs are the greatest amount of a pollutant the water body can receive daily without violating a state's water quality standard.

The TMDL calculations help ensure that the cumulative impacts of multiple point source discharges are accounted for, and evaluated in conjunction with pollution from nonpoint sources. States are then required to take whatever additional cleanup actions are necessary, which can include further controls on both point and nonpoint pollution sources. As a GAO report concluded, the TMDL process:

> Provides a comprehensive approach to identifying and resolving water pollution problems regardless of the sources of pollution. If implemented, the TMDL process can provide EPA and the states with a complete listing of key water pollutants, the source of the pollutants, information on the amount of pollutants that need to be reduced, options between point and/or nonpoint approaches, costs to clean up, and situations where it may not be feasible to meet water quality standards.[1]

Under Sec. 303(d), states and EPA are required meet a schedule regarding TMDL lists: TMDL lists were to be submitted to EPA by states no later than 180 days after EPA's publication of first water pollutants list (June 26, 1979); EPA was to approve or disapprove the submissions within 30 days after that (July 26, 1979); and, upon disapproval, EPA was to promulgate its own TMDLs within 30 days (August 25, 1979). 33 U.S.C. § 1313(d)(2); *see, American Canoe Ass'n v. EPA*, 30 F.Supp.2d 908, 921 (E.D. Va. 1998).

CWA citizen suit provision

CWA Sec. 505(a)(2), 33 U.S.C. § 1365(a)(2), authorizes citizens to bring suit in federal court against EPA for failing to perform an "act or duty" under the CWA that is not discretionary. The courts have jurisdiction to order EPA to perform such act or duty, and to award costs of litigation, including reasonable attorney and expert witness fees. 33 U.S.C. §§ 1365(a) and (d).

---

[1] US Government Accounting Office, "Water Pollution – More EPA Action Needed to Improve the Quality of Heavily Polluted Waters," January 1989 (GAO/RCED-89-38) at 34 – 35; cited by *Alaska Center for the Environment v. Reilly*, 762 F.Supp. 1422, 1424 (W.D. Wash. 1991).

Notice of Intent to Sue - 2

EPA's duties to approve or disapprove TMDL submissions, and to promulgate its own TMDLs upon disapproval, are non-discretionary, and these duties extend to a state's constructive submission of TMDLs. *See, Scott v. City of Hammond*, 741 F.2d 992, 996-997 (7th Cir. 1984); *American Canoe Ass'n*, 30 F.Supp.2d at 919 – 921; *Alaska Center for the Environment v. Reilly*, 762 F.Supp. 1422, 1426 - 1429 (W.D. Wash. 1991).

<u>Spokane River PCB TMDL</u>

Fifteen waterbody segments of the Spokane River and Lake Spokane (also known as Long Lake), and one segment of the Little Spokane River are on Washington's final and approved 303(d) list for not meeting Washington State's human health water quality criterion for polychlorinated biphenyls (PCBs) in edible fish tissue:

| <u>Waterbody</u> | <u>Reach</u> | <u>Waterbody Number</u> | <u>Watercourse Number</u> | <u>Listing ID</u> |
|---|---|---|---|---|
| Spokane River | Idaho Border to Latah Creek | WA-57-1010 | QZ45UE | 14397<br>14398<br>8201<br>8207<br>8202<br>14402 |
| Spokane River | Latah Creek to Ninemile Dam | QA-54-1010 | QZ45UE | 14400<br>14385<br>9033 |
| Little Spokane River | Near mouth | QA-55-1010 | JZ70CP | 9051 |
| Lake Spokane (Long Lake) | Ninemile Dam to Lake Spokane Dam | WA-54-9040 | QZ45UE | 9021<br>36441<br>9015<br>36440 |
| Spokane River | Lake Spokane Dam to Mouth | WA-54-1020 | QZ45UE | 9027 |

The Spokane Tribe human health PCB water quality criterion of 3.37 pg/l (parts per quadrillion) applies to portions of the Lake Spokane (Long Lake) sections and are also not met. Washington State's human health criteria for PCBs is 170 pg/l (5.3 ng/g in fish tissue), the difference between the two standards being primarily due to assumptions about human consumption rates of fish.

Listing IDs 8201, 8202, 8207, 9015, 9021, 9027, 9033 and 9051 have been included on the Washington State 303(d) lists since 1996. Listing IDs 14385, 14397, 14398, 14400, 14402, 36440, and 36441 have been included since 2004.

The Washington Department of Ecology conducted water quality studies from 2003 to 2007 to assess PCB sources to the Spokane River. The goal of these efforts was to quantify PCB contamination and identify necessary reductions in sources and the receiving waters to meet applicable PCB water quality criteria in the Spokane River. The studies, which analyzed PCBs in river water, industrial and municipal effluents, stormwater, suspended particulate matter bottom sediments, sediment cores, and fish tissue, are described in "Spokane River PCB Source Assessment 2003 – 2007," Department of Ecology Publication No. 11-03-013 (April 2011).[2]

In May 2011, Ecology published "Spokane River Toxics Reduction Strategy," Department of Ecology Publication No. 11-10-038.[3] At page 19 of this document, Ecology explains that "[a] draft Spokane River PCB TMDL was issued for public comment in June 2006 but was not completed because of the need for more data, including more accurate stormwater data, updated fish tissue sampling results, and the addition of new Spokane Tribe water quality standards for PCBs based on updated fish consumption rates. The draft TMDL was revised with this updated information in 2009 and issued as the Spokane River Source Assessment Report in 2011."

Also on that page, Ecology declares the following:

Ecology is not currently planning to develop a PCB TMDL with wasteload allocations, but this is still a potential tool for the future. Setting wasteload allocations through a TMDL to accomplish that would set a target well below the 'background' PCB concentrations observed in remote bodies of water with no obvious source of contamination other than aerial deposition.

In part because it would establish an impossible near-term target, and based on its experience with the Spokane River Dissolved Oxygen TMDL, which took 12 years to complete, Ecology is opting to proceed directly to implementing measures to reduce all toxics to the Spokane River. Those measures are described in this strategy. Such a *straight-to-implementation* plan is a recent strategy being adopted by EPA and Ecology to address the many bodies of water that are on the list of polluted waters [called the 303(d) list] through tools other than TMDLs. Ecology plans to develop a straight-to-implementation plan for Spokane River toxics in 2012.

Intent to sue

With its actions, delay, and this declaration, Ecology has constructively submitted a TMDL for PCBs in the 303(d)-listed segments of the Spokane River identified above. EPA has failed to perform its non-discretionary duty to review and approve or disapprove this constructively submitted TMDL, and, in the event of disapproval, to promulgate its own TMDL. Sierra Club and Center for Environmental Law and Policy will file a lawsuit under 33

---

[2] Available at http://www.ecy.wa.gov/biblio/1103013.html.
[3] Available at http://www.ecy.wa.gov/biblio/1110038.html.

U.S.C. § 1365(a)(2) against EPA no less than sixty days from the date of this notice of intent to sue. Relief sought will include declaratory and injunctive relief, as well as the award of litigation expenses.

If you wish to discuss the allegations in this notice of intent to sue or the potential for settlement of this matter, please contact the undersigned at your earliest convenience. We do not intend to postpone the filing of a complaint if discussions have not been concluded at the expiration of the sixty-day notice period.

Very truly yours,

SMITH & LOWNEY, PLLC

By: _____
Richard A. Smith

c:  Eric H. Holder, Jr., U.S. Attorney General