UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SIERRA CLUB, *et al.*,

    Plaintiffs,

v.

DENNIS McLERRAN, *et al.*,

    Defendants.

Case No. C11-1759RSL

ORDER GRANTING STATE'S UNOPPOSED MOTION TO INTERVENE

This matter comes before the Court on the "State of Washington, Department of Ecology's Motion to Intervene" (Dkt. # 24). The Court GRANTS the motion.

"To intervene as of right under [Federal Rule of Civil Procedure] 24(a), appellants must meet all elements of the four-part test set out in Southwest Center For Biological Diversity v. Berg, 268 F.3d 810, 817 (9th Cir. 2001):

> '(1) the application for intervention must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit.'"

DBSI/TRI IV Ltd. P'ship v. United States, 465 F.3d 1031, 1037 (9th Cir. 2006). The State meets each of these requirements.

First, the application is timely. See United States v. Alisal Water Corp., 370 F.3d 915, 918–19 (9th Cir. 2004) (discretionary decision). The litigation is in its infancy. No dispositive motions have been filed, and no discovery has occurred.

ORDER GRANTING STATE'S UNOPPOSED MOTION TO INTERVENE - 1

Second, the State has a protectable interest in the subject of the litigation. <u>California ex rel. Lockyer v. United States</u>, 450 F.3d 436, 441 (9th Cir. 2006) ("[A] party has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation."). As described in greater detail in the Court's prior intervention Order (Dkt. # 26), Plaintiffs ultimately seek to require the Environmental Protection Agency ("EPA") to prepare a total daily maximum load limit ("TDML") for the Spokane River. If that occurs, it is the State that will be responsible for implementing that TDML, which may require it to reconsider permits it has issued or abandon its own efforts to regulate use of the river. <u>See</u> Mot. (Dkt. # 24) at 4.

Third, disposition of this action will impair or impede the State's ability to protect its interest. As described, if Plaintiffs are successful, the EPA would be required to take action that would limit the State's own river-related programs.

Finally, the State has satisfied its "minimal" burden of demonstrating "that representation of [its] interests [by the current litigants] 'may be' inadequate." <u>Arakaki v. Cayetano</u>, 324 F.3d 1078, 1086 (9th Cir. 2003). Other than the EPA, each of the other litigants are subject to the State's regulations regarding the discharge of pollutants into the Spokane River. As a result, none could be expected to represent the State's interest in the continued viability of its regulations.

For all of the aforementioned reasons, the Court GRANTS the State's motion and directs the State to file its proposed answer (Dkt. # 24-1) with the Court.

DATED this 28th day of March, 2012.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER GRANTING STATE'S UNOPPOSED MOTION TO INTERVENE - 2