1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SIERRA CLUB, *et al.*,

                    Plaintiffs,

        vs.

DENNIS MCLERRAN, *et al.*,

                    Defendants.

Case No. C11-1759RSL

ORDER ON PLAINTIFFS' MOTION
REGARDING SCOPE OF REVIEW

## I.  INTRODUCTION

        This matter comes before the Court on Plaintiffs' "Motion Regarding Scope of Review." Dkt. # 41. Plaintiffs Sierra Club and Center for Environmental Law and Policy (hereinafter "Sierra Club" or "plaintiff") ask the Court to engage in *de novo* review of the administrative record and to allow for discovery to proceed against defendants Dennis McLerran and Lisa Jackson, Administrators for the Environmental Protection Agency (hereinafter "EPA" or "defendant"). In response, EPA claims that agency disclosure is governed by the Administrate Procedure Act ("APA"), and that discovery is properly limited to the administrative record. Response at 2, Dkt. # 45.

        For the reasons set forth below, the Court GRANTS in part and DENIES in part

ORDER ON PLAINTIFFS' MOTION
REGARDING SCOPE OF REVIEW - 1

1   plaintiff's Motion Regarding Scope of Review.

2

3                   **II.  BACKGROUND FACTS AND PROCEDURE**

4           The instant discovery dispute arises out of Sierra Club's claim against the EPA for failing

5   to perform its non-discretionary duties under the Clean Water Act ("CWA" or "the Act") to

6   review plans by the Washington Department of Ecology (hereinafter "Ecology") to limit levels

7   of the pollutant PCB[1] in the Spokane River. <u>See</u> 33 U.S.C. § 1313(d)(2). Under the Act, states

8   are to identify a total maximum daily load ("TMDL") for contaminants that can safely be

9   discharged into certain waterways. <u>Id.</u> at § 1313(d)(1)(A). Upon submission of a TMDL to the

10  EPA, the EPA must approve or disapprove it within thirty days; if EPA disapproves the state's

11  proposal, it must promulgate its own TMDL within another thirty days. <u>Id.</u> at § 1313(d)(2). In

12  the instant matter, Sierra Club claims that Ecology constructively submitted a TMDL to EPA

13  with its "straight-to-implementation plan," which triggered the EPA's nondiscretionary duty to

14  review that TMDL under 33 U.S.C. § 1313(d)(2). Complaint at 7, Dkt. # 1.

15          In their Rule 26(f) conference, the parties noted their disagreement as to whether

16  discovery was permissible in this matter.  Joint Status Report at 3–4, Dkt. # 32. Because Sierra

17  Club brings this claim under the CWA's authorization of citizen suits, 33 U.S.C. § 1365(a)(2), it

18  asserts that the APA does not apply to limit discovery proceedings to the administrative record.

19  Having had a chance to review the record and finding it inadequate, Sierra Club seeks to proceed

20  with discovery to determine EPA's position on Ecology's characterization of the straight-to-

21  implementation plan in lieu of a TMDL. Motion at 9–10. EPA, joined by defendant-intervenors

22  Washington State Department of Ecology and Spokane County, argues judicial review is

23  properly limited to the record in a constructive submission citizen suit. Response at 2–3.

24

25

26  _____

27          [1] Polychlorinated biphenyl.

28  ORDER ON PLAINTIFFS' MOTION
    REGARDING SCOPE OF REVIEW - 2

### III. DISCUSSION

**A. Scope of Review Under the CWA Citizen Suit Provision**

Sierra Club brings this claim against EPA pursuant to the citizen suit provisions of the CWA. 33 U.S.C. § 1365(a)(2). Accordingly, plaintiff cannot also file suit under the APA, which permits review of agency action only where there is "no other adequate remedy in court." 5 U.S.C. § 704. Because the CWA citizen suit provides an alternate remedy, plaintiff contends that the citizen suit provision of the CWA nullifies the applicability of all other APA provisions, including limitations on the scope of the record for judicial review. The CWA citizen suit provision offers no guidance as to the scope of judicial review of the administrative record. See 33 U.S.C. § 1365(a)(2).

Where Congress has authorized a private right of action against an agency, but has provided no standard for the scope of review, the Supreme Court recommends that "consideration is to be confined to the administrative record and that no de novo proceeding may be held." United States v. Carlo Bianchi & Co., 373 U.S. 709, 715 (1963). In contradiction to this approach, Sierra Club cites to two Ninth Circuit cases stating that the APA does not apply to citizen suit actions in determining whether the district court can consider evidence outside of the administrative record. Western Watersheds Project v. Kraayenbrink, 632 F.3d 472, 497 (9th Cir. 2011); Washington Toxics Coalition v. Environmental Protection Agency, 413 F.3d 1024, 1034 (9th Cir. 2005). Although plaintiff argues that this means that the Court should engage in *de novo* review of the record, the cases themselves are more limited in scope. In both Kraayenbrink and Washington Toxics, the issue before the Ninth Circuit was whether the district court had properly allowed the parties to supplement the record with expert opinions and studies. Kraayenbrink, 632 F.3d at 497–98; Washington Toxics, 413 F.3d at 1029. While the Ninth Circuit ratified the district courts' use of discretion in those cases to supplement the record, it is a far cry to state that those cases require a district court to engage in *de novo* review of the record, or that the APA's standards are inapt guidelines.

ORDER ON PLAINTIFFS' MOTION
REGARDING SCOPE OF REVIEW - 3

1    Indeed, the Ninth Circuit has recognized that district courts wield great discretion in

2    setting the scope of administrative review in citizen suit cases, and that those decisions are

3    reviewed on an abuse of discretion standard. See e.g., San Francisco BayKeeper v. Whitman,

4    297 F.3d 877, 886 (9th Cir. 2002). This Court has employed the APA evidentiary guidelines as a

5    valid exercise of its discretion in analyzing the scope of review in citizen suits. See Seattle

6    Audubon Society v. Norton, 2006 WL 1518895, at *2 (W.D. Wash. May 25, 2006) (citizen suit

7    for agency's failure to act under the Endangered Species Act). Despite the cases cited by

8    plaintiff, this Court finds no reason to depart from the APA standards in the instant matter.

9    **B. Scope of Review Under the APA**

10   Plaintiff asserts that EPA administrators failed to review Ecology's TMDL for the

11   Spokane River, which was constructively submitted as a "straight-to-implementation plan." A

12   court reviews an agency's failure to act under Section 706(1) of the APA, which provides that

13   "the court shall review the whole record or those parts of it cited by a party." 5 U.S.C. § 706(1).

14   The term "whole record" refers to the administrative record.  See Fla. Power & Light Co. v.

15   Lorion, 470 U.S. 729, 743-44 (1985). Furthermore, "[t]he 'whole' administrative

16   record...consists of all documents and materials directly or indirectly considered by agency

17   decision-makers and includes evidence contrary to the agency's position." Thompson v. United

18   States Dep't of Labor, 885 F.2d 551, 555 (9th Cir. 1980) (citations omitted).

19   Although the statutory language of Section 706(1) is clearly limited to the administrative

20   record, the limitation is subject to judicial exceptions. In Seattle Audubon Society, this Court

21   noted four narrow exceptions identified by the Ninth Circuit that operate to identify and plug

22   holes in the administrative record:

23        (1) if admission is necessary to determine whether the agency has

24        considered all relevant factors and has explained its decision, (2) if the

25        agency has relied on documents not in the record, (3) when supporting

26        the record is necessary to explain technical terms or complex subject

27

28   ORDER ON PLAINTIFFS' MOTION
     REGARDING SCOPE OF REVIEW - 4

1    matter, or (4) when plaintiffs make a showing of agency bad faith.

2    Seattle Audubon Society, 2006 WL 1518895, at *3 (citing Lands Council v. Powell,

3    395 F.3d 1019, 1030 (9th Cir. 2005) (internal citations omitted)). The Ninth Circuit

4    stressed in Lands Council that the scope of these exceptions is "constrained, so that the

5    exception does not undermine the general rule." Lands Council, 395 F.3d at 1030. In

6    that case, the court was charged with review of final agency action. Id.

7           In contrast to Lands Council, plaintiff here brings a claim of agency inaction. A

8    reviewing court is necessarily limited in its ability to review the record when an agency

9    has neither developed one nor taken final agency action. Accordingly, this Court and

10   the Ninth Circuit have noted that an exception to the general rule can also apply in

11   cases where the agency is sued for failure to take action. See Friends of the Clearwater

12   v. Dombeck, 222 F.3d 552 (9th Cir. 2000) (citing Independence Mining Co. v. Babbitt,

13   105 F.3d 502, 511-12 (9th Cir. 1997)); Seattle Audubon Society, 2006 WL 1518895, at

14   *3 ("[W]here plaintiff complains of a failure to act, there is a greater chance that some

15   extraneous piece of information might be necessary to shed light on the agency's

16   inaction–there simply are more holes in the administrative record for the parties to

17   identify and plug."). In short, allowing extra-record review in a failure-to-act claim is

18   within the discretion of this Court. Whether or not to allow the supplementation and to

19   what extent it should be allowed must be considered on a case-by-case basis.

20          In the instant matter, Sierra Club's claim against EPA rests on whether the

21   "straight-to-implementation" plan was truly a TMDL that EPA had a non-discretionary

22   duty to evaluate. EPA responds that it took no action because Ecology never submitted

23   a TMDL in the instant matter. To support its claim, Sierra Club seeks information

24   regarding any potential coordination between the EPA and Ecology regarding the

25   alleged re-characterization of the TMDL. Sierra Club asserts that EPA's thirty-four

26   document administrative record is missing both known and unknown documents

27

28   ORDER ON PLAINTIFFS' MOTION
     REGARDING SCOPE OF REVIEW - 5

1   regarding EPA's communications with Ecology that would shed light on their alleged

2   coordination. Motion at 10. In particular, Sierra Club has identified documents from its

3   Freedom of Information Act request to EPA and its Public Records Act request to

4   Ecology that are missing from the administrative record. Decl. Of Marc Zemel, Dkt.

5   #42. Plaintiff contends the omission is evidence of invalidity of the record, Reply at 5,

6   and seeks to depose agency officials to review content not recorded in written form,

7   Motion at 9. Without commenting on the validity of the parties' contentions, the Court

8   finds that supplementation of the record may be appropriate in this case to shed light on

9   the agency's purported failure to act.

10  **C.  Scope of Supplementation**

11          It is one thing for a court to allow supplementation of the administrative record

12  in a case where there has been alleged agency inaction–it is another to allow the

13  plaintiff the full arsenal of discovery proceedings under the Federal Rules of Civil

14  Procedure. Courts must strike the proper balance between adequate judicial review and

15  respect for agency decisions and process.

16          In striking this balance, the Supreme Court has recognized that district courts

17  have discretion to determine "which method will prove the most expeditious so that

18  full review may be had as soon as possible." Citizens to Preserve Overton Park, Inc. v.

19  Volpe, 401 U.S. 402, 420–21 (1971) (overturned on other grounds) (recommending

20  remand to the agency for explanation before having agency official testify). Since

21  Overton Park, district courts have employed a range of adversarial and nonadversarial

22  procedural devices to supplement the record, from allowing the parties to voluntarily

23  file supplemental explanations of an agency's position, see e.g., San Francisco

24  BayKeeper, 297 F.3d at 886, to compelling an agency to respond to limited discovery

25  requests. See Smith v. FTC, 403 F.Supp. 1000, 1012–13 (D.C. Del. 1975) (allowing

26  limited discovery where there was risk of the agency placing "a highly refined and,

27

28  ORDER ON PLAINTIFFS' MOTION
    REGARDING SCOPE OF REVIEW - 6

1   perhaps unwarranted, gloss upon prior decision-making."). Where there has been
2   alleged agency inaction, the Ninth Circuit has seen fit to expand the record where both
3   parties submitted supplemental material. <u>Independence Mining</u>, 105 F.3d at 511–12.

4           The Court need not address the extent to which it would permit Sierra Club to
5   seek discovery against EPA. Given the relatively early stage of litigation, the Court
6   finds it sufficient to instruct plaintiff to pursue supplementation of the record with the
7   agency before seeking to expand the record in this Court. This is an especially
8   appropriate step where plaintiff has not yet requested that the agency supplement the
9   record, and where the plaintiff seeks to depose agency officials. Should the parties
10  meet and confer and still fail to reach agreement, any party seeking to expand the
11  record shall file a specific motion with a certification according to CR 37 that the
12  parties met and conferred prior to the motion being filed.

13                                  **IV. CONCLUSION**

14          For all of the foregoing reasons, IT IS HEREBY ORDERED that "Plaintiff's
15  Motion Regarding Scope of Review" is GRANTED in part and DENIED in part, as
16  follows: (1) defendant's request to defer ruling on this motion until the Court considers
17  EPA's motion for summary judgment is DENIED; (2) plaintiff's request for a holding
18  of de novo judicial review is DENIED; (3) plaintiff is not entitled to discovery at this
19  time; and (4) plaintiff's request for a holding that judicial review is not limited to the
20  administrative record is GRANTED to the extent that the permissibility of
21  supplementation will be determined by either agreement of the parties or upon future
22  motions allowing supplementation.

23

24

25

26

27

28  ORDER ON PLAINTIFFS' MOTION
    REGARDING SCOPE OF REVIEW - 7

1      DATED this 6th day of November, 2012.

2

3

4                              *MV S Lasnik*

5                              Robert S. Lasnik
                               United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28     ORDER ON PLAINTIFFS' MOTION
       REGARDING SCOPE OF REVIEW - 8