HON. ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SIERRA CLUB, *et al.*, | ) |
| | ) No. C11-1759RSL |
| Plaintiffs, | ) |
| | ) STIPULATATION AND ORDER TO |
| and | ) MODIFY SCHEDULING ORDER |
| | ) |
| THE SPOKANE TRIBE OF INDIANS, | ) |
| | ) |
| Plaintiff-Intervenor, | ) |
| | ) |
| v. | ) |
| | ) |
| DENNIS MCLERRAN, *et al.*, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| SPOKANE COUNTY; KAISER | ) |
| ALUMINUM WASHINGTON LLC; and | ) |
| STATE OF WASHINGTON | ) |
| DEPARTMENT OF ECOLOGY, | ) |
| | ) |
| Defendant-Intervenors. | ) |
| _____ | ) |

STIPULATION AND ORDER
TO MODIFY
SCHEDULING ORDER  - 1
Case No. C11-1759RSL

David J. Kaplan.
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington D.C.  20044

All the Parties in this action -- Plaintiffs Sierra Club and Center for Environmental Law & Policy, Defendants Dennis McLerran, Lisa Jackson and the United States Environmental Protection Agency (collectively "EPA"), Intervenor-Plaintiff Spokane Tribe of Indians, and Intervenor-Defendants Spokane County, Kaiser Aluminum Washington LLC, and State of Washington, Department of Ecology -- jointly request that the Court modify the Scheduling Order entered in this case on April 19, 2012 (Dkt. 34).  The proposed modifications would defer the existing dates for filing dispositive motions for summary judgment and for trial, pending EPA's administrative consideration of Plaintiffs' request that EPA consider certain documents and that EPA approve or disapprove an alleged constructive submission by the Washington Department of Ecology of a Total Maximum Daily Load for PCBs in the Spokane River.  As discussed below, this deferral of these dates is appropriate because this administrative process is directly related to the claims pending in this lawsuit, and EPA's determination on Plaintiffs' request may narrow, displace, supplement or otherwise alter the grounds for Plaintiffs' existing claim for relief in this lawsuit.  Once EPA takes action on Plaintiffs' request, which action EPA intends to take by April 12, 2013, the Parties will file an appropriate motion proposing a schedule for the filing of motions for summary judgment to resolve any remaining challenges in this lawsuit, including any challenges to that EPA action.   Further, because judicial review in this case is limited to the administrative record, per the Court's order dated November 6, 2012 (Dkt. 49), the Parties stipulate that this case should be resolved by motions for summary judgment and that a trial in this action is neither necessary nor appropriate.  The grounds for this stipulated request are as follows:

STIPULATION AND ORDER
TO MODIFY
SCHEDULING ORDER   - 2
Case No. C11-1759RSL

David J. Kaplan.
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington D.C.  20044

1) Plaintiffs allege in this case that Defendant EPA has failed to perform non-discretionary duties under Clean Water Act Section 303(d)(2), 33 U.S.C. § 1313(d)(2), with respect to a Total Maximum Daily Load ("TMDL") for PCBs in the Spokane River.

2) On April 19, 2012, the Court entered a scheduling order (Dkt. 34) setting, among other things, April 2, 2013, for filing dispositive motions and several dates thereafter for proceedings for a non-jury trial on July 1, 2013.

3) On November 6, 2012, the Court denied Plaintiffs' motion for de novo review in this case and ruled that judicial review in this case is limited to the administrative record for judicial review, subject to the potential for supplementation of that record. Dkt. 49.

4) Most recently, on March 8, 2013, the Spokane Tribe was granted intervention as a plaintiff and directed to file a complaint (Dkt. 52), which it filed on March 11, 2013 (Dkt. 53). EPA's answer to that complaint is due May 10, 2013.

5) On December 3, 2013, and December 13, 2013, Plaintiffs submitted certain documents to EPA and requested that EPA add those documents to the administrative record for judicial review in this case. Plaintiffs also requested that EPA review the submitted documents and approve or disapprove an alleged constructive submission by the Washington Department of Ecology of a TMDL for PCBs in the Spokane River. This issue is directly related to Plaintiffs' claim for relief in this action. Depending on the decision reached by EPA, that decision may narrow, displace, supplement or otherwise alter the grounds for Plaintiffs' existing claim for relief in this lawsuit.

6) EPA is in the process of reviewing the documents submitted by Plaintiffs and expects to issue a written decision regarding Plaintiffs' administrative request. Once EPA has taken

STIPULATION AND ORDER
TO MODIFY
SCHEDULING ORDER   - 3
Case No. C11-1759RSL

David J. Kaplan.
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington D.C.  20044

such action, it will submit that action to the Court together with the documents that comprise the administrative record for judicial review of that action. The Parties stipulate that the additional documents submitted by Plaintiffs to EPA, as agreed to in the compromise reached by the Parties in this case, will be part of the administrative record for any judicial review of that EPA action. Fourteen days after EPA takes action on Plaintiffs' request, any Party may file an amended complaint if appropriate to assert a claim under the Administrative Procedure Act to challenge EPA's action.

7) Within 30 days of the date that EPA takes action on Plaintiffs' request, the Parties will propose to the Court a revised schedule for filing summary judgment briefs to resolve any challenges to EPA's action and Plaintiffs' pre-existing claim for relief. Consistent with the Court's prior order in this case, the Parties stipulate that judicial review in this case, including any challenge to EPA's action, is limited to the administrative record for judicial review. Accordingly, the Parties stipulate that the resolution of these claims is appropriate through motions for summary judgment, and that a trial would neither be necessary nor appropriate.

8) Accordingly, the Parties stipulate to the following modifications to the Scheduling Order in this case:

   a) EPA shall take action on Plaintiffs' pending administrative request regarding an alleged constructive submission of a TMDL for the PCBs in the Spokane River by April 12, 2013.

   b) EPA shall file the administrative record for judicial review of its action no later than 7 days after the date that EPA takes its action on Plaintiffs' request.

STIPULATION AND ORDER
TO MODIFY
SCHEDULING ORDER   - 4
Case No. C11-1759RSL

David J. Kaplan.
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington D.C.  20044

That record shall include the documents submitted to EPA by Plaintiffs, as agreed to in the compromise reached by the Parties in this case.

c) Within 14 days after the date that EPA takes action on Plaintiffs' request, any Party may file an amended complaint if appropriate to assert a claim under the Administrative Procedure Act to challenge EPA's action.

d) Within 30 days after the date that EPA takes action on Plaintiffs' request, the Parties will file a revised proposed schedule for filing motions for summary judgment to resolve any challenges to EPA's action as well as the existing claim in this case.

e) The provision for a trial set forth in the scheduling Order (Dkt. 34) are stricken.

## ORDER

IT IS SO ORDERED, on this 8th day of April, 2013.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

STIPULATION AND ORDER
TO MODIFY
SCHEDULING ORDER   - 5
Case No. C11-1759RSL

David J. Kaplan.
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington D.C.  20044