Honorable Robert S. Lasnik

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| SIERRA CLUB; and CENTER FOR ENVIRONMENTAL LAW AND POLICY, <br><br> Plaintiffs, <br> and <br><br> SPOKANE TRIBE OF INDIANS, <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> DENNIS MCLERRAN; BOB PERCIASEPE; and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, <br><br> Defendants, <br> and <br><br> SPOKANE COUNTY: KAISER ALUMINUM WASHINGTON LLC; and STATE OF WASHINGTON DEPARTMENT OF ECOLOGY, <br><br> Intervenors. | No. 2: 11-cv-01759-RSL <br><br><br> FIRST AMENDED AND SUPPLEMENTAL COMPLAINT SPOKANE TRIBE OF INDIANS |

Plaintiff-Intervenor, Spokane Tribe of Indians, by and through its counsel of record, Ted Knight, submits this First Amended and Supplemental Complaint.

---

FIRST AMENDED AND SUPPLEMENTAL COMPLAINT
PLAINTIFF-INTERVENOR
SPOKANE TRIBE OF INDIANS -1
No. C11-1759RSL

**OFFICE OF THE SPOKANE TRIBAL ATTORNEY**
**P.O. Box 100**
**Wellpinit, WA 99040**
**(509) 953-1908**

# I. INTRODUCTION

1. This action is a citizen suit brought under Section 505(a)(2) of the Clean Water Act ("CWA") as amended, 33. U.S.C. § 1365(a)(2). Plaintiff-Intervenor, the Spokane Tribe of Indians, seek a declaratory judgment, injunctive relief, and the award of litigation expenses, including attorney's fees and expert witnesses' fees, for defendant United States Environmental Protection Agency's and its Administrators' ("EPA") failure to perform their nondiscretionary duties under the CWA Section 303(d)(2), 33 U.S.C. § 1313(d)(2), concerning defendant's obligations to approve or disapprove, and upon disapproval, to promulgate the total maximum daily load ("TMDL") for PCBs constructively submitted by the Washington State Department of Ecology for various segments of the Spokane River. Plaintiff-Intervenor asserts claims under the Administrative Procedures Act, 5 U.S.C. §§ 701-706. Additionally, Plaintiff-Intervenor asserts claims for breach of EPA's common law trust responsibility and fiduciary duty it owes to the Plaintiff-Intervenor by failing to follow EPA's Indian Policy, Presidential Orders 13175, 13007, and 12898 and numerous other agency specific guidance and regulations.

# II. JURISDICTION AND VENUE

2. Plaintiff-Intervenor, the Spokane Tribe of Indians, hereby incorporates by reference ¶¶ 2-6 of Plaintiffs' Sierra Club and Center for Environmental Law and Policy's First Amended and Supplemental Complaint, Docket No. 61.

3. In regards to Plaintiff-Intervenor, the Spokane Tribe of Indians, this Court has jurisdiction under 28 U.S.C. § 1362 and 29 U.S.C. § 1331.

# III. PARTIES

4. Plaintiff-Intervenor, Spokane Tribe of Indians, is a federally recognized Indian Tribe with roughly 2700 Tribal Members. The Tribe's Reservation was established in August of

1877 after the Tribe was forced from its land by the United States government. The Tribe's Reservations' borders are the East Bank of Chamokane Creek, the South Bank of the Spokane River, the West Bank of the Columbia River and the Northern Border is the 48th parallel. The Tribe's ancestral lands as found by the Indian Claims Commission and affirmed by the United States Court of Claims includes the entirety of the Spokane River as it flows through what is now Washington State. Additionally, the Tribe has unquantified water rights with a priority date of 1877 within the Spokane River, which also include a right to water of a quality that can sustain fish and other aquatic life. The Tribe's Reservation is located directly downstream from the City of Spokane and surrounding communities, and the subject matter of this case. Fish within the portion of the Spokane River that flows across the Reservation have elevated levels of PCBs that cause them to be harmful to eat. The water of the Spokane River that flows across the Reservation does not meet the Tribe's water quality standards for PCBs. Additionally, the Tribe's membership fish throughout the Spokane River watershed and use the waters for cultural and subsistence uses. Finally, the Tribe is treated in the same manner as a state for purposes of the Clean Water Act, and has EPA approved Water Quality Standards.

5. The Tribe's water quality standards are currently not being met. The Tribe's membership cannot safely eat fish and aquatic resources throughout the Spokane River. EPA is not meeting its federal trust responsibility to the Tribe by failing to follow its own regulations and its non-discretionary duties. The relief sought in this lawsuit can redress the Tribe's injuries and protect the Tribe's and its members' interests and resources.

6. The Tribe hereby incorporates by reference Plaintiffs', Sierra Club and Center for Environmental Law and Policy, descriptions of themselves contained in their Complaint at ¶¶ 7-9, Docket No. 61.

7. The Tribe hereby incorporates by reference the Plaintiffs' description of the EPA Defendants contained in their Complaint. (Docket No. 61 at ¶¶ 10-12). Additionally, as a federal agency all of the EPA Defendants have a trust responsibility with the Tribe, and they owe a fiduciary duty to the Tribe.

8. Defendant-Intervenor, the State of Washington, Department of Ecology, is the Washington State Agency with delegated authority under the Clean Water Act.

9. Defendant-Intervenor, Spokane County is a political subdivision of the State of Washington, and also owns the new Spokane County Regional Water Reclamation Facility ("SCRWRF"). SCRWRF discharges PCBs into the Spokane River.

10. Defendant-Intervenor, Kaiser Aluminum Washington, LLC, a Delaware Corporation, owns and operates a facility that produces high-quality aluminum products along the Spokane River. Kaiser Aluminum Washington, LLC discharges PCBs into the River.

### IV. FACTS

11. The Tribe hereby incorporates by reference Plaintiffs' factual description contained in their Complaint. (Docket No. 61 at ¶¶ 13-35).

12. The Tribe hereby incorporates by reference its factual description contained in its Memorandum in Support of the Tribe's Motion to Intervene on pages 4-8.

13. On April 12, 2013, EPA took action on Sierra Club's and Center for Environmental Law and Policy's December 3, 2012 and December 13, 2012 requests to approve or disapprove the constructive submission of a Total Maximum Daily Load for PCBs in the Spokane River.

FIRST AMENDED AND SUPPLEMENTAL COMPLAINT
PLAINTIFF-INTERVENOR
SPOKANE TRIBE OF INDIANS -4
No. C11-1759RSL

OFFICE OF THE SPOKANE TRIBAL ATTORNEY
P.O. Box 100
Wellpinit, WA 99040
(509) 953-1908

14. The EPA Defendants did not notify the Tribe about the Sierra Club's and Center for Environmental Law Policy's December 3, 2012 and December 13, 2012 requests prior to the Tribe being granted intervention in this case on March 8, 2013.

15. The EPA Defendants did not consult with the Tribe regarding the EPA's consideration of the December 3, 2012 and December 13, 2012 requests at any time before or after the Tribe moved to intervene in this case, nor after it was granted intervention.

## V. CAUSES OF ACTION

### First Cause of Action-Clean Water Suit

16. The Tribe hereby incorporates by reference Plaintiffs' description of its causes of action as stated in their Complaint as its own. (Docket No. 61 at ¶¶ 36-39).

17. The EPA breached its trust responsibility and fiduciary duty to the Tribe by failing to perform its nondiscretionary duties under 33 U.S.C. § 1313(d)(2).

### Second Cause of Action-APA

18. Plaintiff-Intervenor hereby incorporates by reference Plaintiffs' description of its causes of action as stated in their Complaint as its own. (Docket No. 61 at ¶¶ 40-42).

19. EPA Defendants' actions that resulted in the April 12, 2013 EPA action failed to adhere to federal common law Indian consultation requirements, EPA Indian Policy, Presidential Orders 13175, 13007, and 12898 and numerous other agency specific guidance including its Environmental Justice responsibilities, and accordingly its actions are in violation of 5 U.S.C. § 706(2)(A)&(D).

### Third Cause of Action-Breach of Federal Trust Responsibility

20. Pursuant to federal common law and federal statutes that create the trust responsibility and fiduciary duty EPA must honor when addressing interests that may affect the

FIRST AMENDED AND SUPPLEMENTAL COMPLAINT
PLAINTIFF-INTERVENOR
SPOKANE TRIBE OF INDIANS -5
No. C11-1759RSL

OFFICE OF THE SPOKANE TRIBAL ATTORNEY
P.O. Box 100
Wellpinit, WA 99040
(509) 953-1908

Tribe, it was required to meaningfully consult with the Tribe prior to issuing its April 12, 2013 action to determine whether that action would affect the Tribe's Reservation, trust property, fishing rights, reserved water rights, and other interests.

21. EPA's own articulation of what the trust responsibility means follows: "the Agency will endeavor to protect the environmental interests of Indian Tribes when carrying out its responsibilities that may affect reservations." EPA Indian Policy, November 8, 1984 (Reaffirmed July 22, 2009, Lisa P. Jackson).

22. EPA Defendants failed to meaningfully consult with the Tribe, failed to protect the interests of the Spokane Tribe, and have breached and will continue to breach the trust responsibility and their minimum fiduciary duty owed to the Spokane Tribe.

23. EPA Defendants' actions are not in accordance with law, particularly federal common law and are in violation of 5 U.S.C. § 706(2)(A)&(D).

## VI. RELIEF REQUESTED

Whereof, Plaintiff-Intervenor respectfully requests that this Court grant the following relief:

A. Issue a declaratory judgment that EPA has failed to perform its non-discretionary duties under 33 U.S.C. § 1313(d)(2) with respect to the Spokane River PCB TMDL constructively submitted by Ecology;

B. Enjoin EPA to perform its non-discretionary duties on an expeditious schedule;

C. Order EPA to perform its fiduciary duties required by its trust responsibility;

C. Award Plaintiff-Intervenor their litigation expenses, including reasonable attorneys' and expert witness fees, as authorized by Section 505(d) of the CWA, 33 U.S.C. § 1365(d), and 28 U.S.C. § 2412; and

FIRST AMENDED AND SUPPLEMENTAL COMPLAINT
PLAINTIFF-INTERVENOR
SPOKANE TRIBE OF INDIANS -6
No. C11-1759RSL

**OFFICE OF THE SPOKANE TRIBAL ATTORNEY**
**P.O. Box 100**
**Wellpinit, WA 99040**
**(509) 953-1908**

D.   Award such other relief as this Court deems appropriate.

Respectfully submitted this 23rd day of April 2013.

> By: s/Ted Knight
> Ted Knight, WSBA #39683
> Contract Attorney
> Office of the Spokane Tribal Attorney
> Spokane Tribe of Indians
> PO Box 100
> Wellpinit, WA 99040
> Phone (509) 953-1908
> tedk@spokanetribe.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing filing was electronically filed with the Clerk of the Court on April 23, 2013, using the Court's electronic filing system, which will send notification of said filing to the attorneys of record that have, as required, registered with the Court's system.

> By: s/Ted Knight
> Ted Knight, WSBA #39683
> Contract Attorney
> Office of the Spokane Tribal Attorney
> Spokane Tribe of Indians
> PO Box 100
> Wellpinit, WA 99040
> Phone (509) 953-1908
> tedk@spokanetribe.

FIRST AMENDED AND SUPPLEMENTAL COMPLAINT
PLAINTIFF-INTERVENOR
SPOKANE TRIBE OF INDIANS -8
No. C11-1759RSL

OFFICE OF THE SPOKANE TRIBAL ATTORNEY
P.O. Box 100
Wellpinit, WA 99040
(509) 953-1908