HON. ROBERT S. LASNIK

FILED _____ ENTERED
LODGED _____ RECEIVED

SEP 12 2013

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT C. WASHINGTON
BY                                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SIERRA CLUB, *et al.*, | No. C11-1759RSL |
| Plaintiffs, | |
| and | STIPULATION AND [PROPOSED] BRIEFING SCHEDULE |
| THE SPOKANE TRIBE OF INDIANS, | |
| Plaintiff-Intervenor, | |
| v. | |
| DENNIS MCLERRAN, *et al.*, | |
| Defendants, | |
| and | |
| SPOKANE COUNTY; KAISER ALUMINUM WASHINGTON LLC; and STATE OF WASHINGTON DEPARTMENT OF ECOLOGY, | |
| Defendant-Intervenors. | |

11-CV-01759-LTR

STIPULATION AND [PROPOSED]
BRIEFING SCHEDULE  - 1

Case No. C11-1759RSL

David J. Kaplan.
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington D.C.  20044

1   All the Parties in this action -- Plaintiffs Sierra Club and Center for Environmental Law &

2   Policy ("Plaintiffs"), Defendants United States Environmental Protection Agency ("EPA")

3

4   Dennis McLerran, EPA Administrator Regina McCarthy and the United States Environmental

5   Protection Agency (collectively "EPA"), Intervenor-Plaintiff Spokane Tribe of Indians, and

6   Intervenor-Defendants Spokane County, Kaiser Aluminum Washington LLC, and State of

7   Washington, Department of Ecology -- jointly stipulate to (A) the filing of a proposed second-

8
    amended complaint by Intervenor-Plaintiff Spokane Tribe of Indians, which proposed amended
9

10  complaint is attached (Attachment 1), (B) the filing of responses to that amended complaint

11  within 7 days of the date that this motion is filed, (C) a list of documents supplementing the

12  Court's judicial review in this case, and (D) the proposed briefing schedule for filing and briefing

13
    summary judgment motions to resolve this case. This stipulated proposal is filed pursuant to the
14

15  Court's Scheduling Order entered in this case on April 8, 2013 (Dkt. 58), which directs the

16  Parties to file a proposed briefing schedule. As part of that Order, the Parties stipulated that this

17  case should be resolved by motions for summary judgment.  The grounds for this joint

18
    stipulation are as follows:
19

20       1)      In accordance with the Court's Scheduling Order, dated April 8, 2013 (Dkt. 58),

21  this case has been deferred pending EPA's response to Plaintiffs request that EPA consider

22  certain documents and that EPA approve or disapprove an alleged constructive submission by

23
    the Washington Department of Ecology of a Total Maximum Daily Load for PCBs in the
24

25  Spokane River.  On April 12, 2013, EPA issued its decision in response to that request, and on

26  April 17, 2013, EPA filed the administrative record for judicial review for that action, in

27  accordance with the Court's Scheduling Order.

28  STIPULATION AND [PROPOSED]
    BRIEFING SCHEDULE  - 2
29
                                              David J. Kaplan.
                                        United States Department of Justice
                                           Environmental Defense Section
                                                P.O. Box 7611
    Case No. C11-1759RSL                     Washington D.C.  20044

2)   On April 22, 2013, Plaintiffs filed their first amended complaint that includes a claim under the Administrative Procedure Act that challenges EPA's action dated April 12, 2013. On April 23, 2013, Intervenor-Plaintiff Tribe of Spokane Indians filed its amended complaint to challenge that action.

3)   Since the filing of that administrative record by EPA and the amended complaint by Spokane Tribe of Indians, the Parties have discussed a number of disagreements that arose regarding those two filings. To resolve disagreements regarding the scope of the amended complaint filed by the Tribe, the Parties hereby stipulate to the Intervenor-Plaintiff Spokane Tribe of Indians filing a second amended complaint, which is attached (Attachment 1). This proposed second amended complaint is narrower than the Complaint previously filed by Intervenor-Plaintiff Spokane Tribe, and thus its filing will neither expand the claims in this lawsuit nor delay their resolution, while also resolving disputes the Parties had regarding the scope of the first amended complaint previously filed by the Spokane Tribe of Indians. The Parties stipulation to the filing of this second amended complaint does not waive any defenses the Parties may have to the claims asserted. The Parties further stipulate that they will file their responses to the Tribe's second amended complaint within 7 days of the date that this Stipulation and [Proposed] Briefing Schedule is filed.

4)   To resolve their disputes regarding the administrative record for judicial review that was filed by EPA on April 17, 2013, the Parties hereby stipulate that the Court's judicial review in this case may be supplemented by the documents listed in Attachment 2 to this stipulation. EPA will file these documents by September 16, 2013.

STIPULATION AND [PROPOSED]
BRIEFING SCHEDULE - 3

Case No. C11-1759RSL

David J. Kaplan.
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington D.C. 20044

1        5)     The Parties have also stipulated to a proposed summary judgment briefing

2   schedule for the resolution of all the claims in this case, which proposal is set forth in paragraph

3   6 below.[1]  In view of the number of Parties in this case, which includes four intervenors, and the

4   nature of the issues, the Parties have proposed the filing of staggered cross-motions for summary

5

6   judgment to allow the filing of consolidated briefs that respond to the briefs of the opposing

7   parties.  The Parties also propose modified page limits to enable the Parties to address their

8   issues in an efficient and coordinated manner.  The schedule staggers the filing of the opening

9   briefs of the Intervenor-Defendant Spokane County, Intervenor-Defendant Kaiser Aluminum

10  Washington LLC, and Intervenor-Defendant Washington State Department of Ecology, until 7

11  days after Defendant EPA files its opening brief, to avoid redundancy and facilitate the filing of

12

13  shorter than normal briefs by these Intervenors.

14       6)     The Parties' proposed summary judgment briefing schedule is as follows:

| Brief | | Filing Date | Page Limit |
|---|---|---|---|
| A. | Plaintiffs' Brief in Support of their Motion Motion for Summary Judgment | September 20, 2013 | 34 |
| | Intervenor-Plaintiff Tribe of Spokane Indians' Brief In Support of its Motion for Summary Judgment | September 20, 2013 | 12 |
| B. | Defendant EPA's Consolidated Brief (a) in Support of its Cross-Motion for Summary Judgment and (b) in Opposition to Plaintiffs' and | November 20, 2013 | 46 |
| | Intervenor-Defendant Kaiser Aluminum's Brief in support of its Motion for Summary Judgment | November 27, 2013 | 12 |

---

[1] The Court's Scheduling Order directed the parties to file a proposed schedule 30 days after EPA's action on Plaintiffs' prior administrative request.  However, after conferring with Chambers, the Parties took the additional time necessary to resolve their disputes regarding the record and the Tribe's first amended complaint, as described above, and thus are filing their proposed schedule at this time.

STIPULATION AND [PROPOSED]
BRIEFING SCHEDULE  - 4

Case No. C11-1759RSL

David J. Kaplan
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington D.C.  20044

|  | | | |
|---|---|---|---|
| | Intervenor-Defendant Spokane County's Brief in Support of its Motion for Summary Judgment | November 27, 2013 | 12 |
| | Intervenor-Defendant Washington Department of Ecology's Brief in support of its Motion for Summary Judgment | November 27, 2013 | 12 |
| C. | Plaintiffs' Consolidated Brief (a) in Response to Defendants' and Intervenor-Defendants' Cross-Motions for Summary Judgment and (b) in Reply in Support of Motion for Summary | December 24, 2013 | 28 |
| | Intervenor-Plaintiff Tribe of Spokane Indians' Consolidated Brief (a) in Response to Defendants' and Intervenor-Defendants' Cross-Motions for Summary Judgment and (b) in Reply in Support of Motion for Summary | December 24, 2013 | 10 |
| D. | Defendant EPA's Reply in Support of its Cross-Motion for Summary Judgment | February 11, 2014 | 28 |
| | Intervenor-Defendant Kaiser Aluminum's Reply in support of its Motion for Summary Judgment | February 11, 2014 | 10 |
| | Intervenor-Defendant Spokane County's Reply in Support of its Motion for Summary Judgment | February 11, 2014 | 10 |
| | Intervenor-Defendant Washington Department Of Ecology's Reply in Support of its Motion for Summary Judgment | February 11, 2014 | 10 |

7)     The Parties stipulation regarding the filing of a second amended complaint and filing of a supplement to the administrative record will serve judicial economy, by resolving disputes that would otherwise have to be adjudicated regarding the propriety of the administrative record for judicial review and the range of claims contained in the previously filed amended complaint filed by the Spokane Tribe of Indians.

STIPULATION AND [PROPOSED]
BRIEFING SCHEDULE  - 5

Case No. C11-1759RSL

David J. Kaplan.
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington D.C.  20044

1        8)     The proposed briefing schedule will also serve judicial economy, by establishing

2 the means for all the parties to efficiently present their arguments to the Court for the resolution

3 of this case. The Parties' believe that the proposed page limits are necessary given the

4 complexity of the Clean Water Act program at issue. Each Party has proposed these page limits

5 and briefing schedule with the understanding that, if necessary, they may seek leave to modify

6 those limits and the schedule, and each party reserves its right to object to any such request.

7

8

9                                         __ORDER__

10

11 IT IS SO ORDERED, on this __12th__ day of __Sept.__, 2013.

12

13

14                                                 *M\*\*\*S Casmik*

                                          United States District Court Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28 STIPULATION AND [~~PROPOSED~~]
   BRIEFING SCHEDULE - 6

29    Case No. C11-1759RSL

David J. Kaplan.
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington D.C. 20044

1  Respectfully submitted by:

2          SMITH & LOWNEY, PLLC

3          By: /S/ Richard Smith
4              Richard A. Smith, WSBA #21788
           Attorneys for Plaintiff
5          2317 E. John St., Seattle, WA 98112
           Tel: (206) 860-2883
6          Fax: (206) 860-4187
7          rasmithwa@igc.org

8          ROBERT DREHER
9          Acting Assistant Attorney General
           Environmental and Natural Resources Div.
10
           By: /S/ David Kaplan
11         David J. Kaplan
12         Attorneys for Federal Defendants
           United States Department of Justice
13         Environmental Defense Section
           P.O. Box 7611
14         Washington, DC 20044
15         (202) 514-0997
           David.kaplan@usdoj.gov
16
17         FOSTER PEPPER PLLC

18         By: /S/ Lori Gregory
19             Lori Terry Gregory, WSBA #22006
           Attorneys for Intervenor Spokane County
20         1111 Third Ave., Ste. 3400, Seattle, WA 98101
           (206) 447-4400
21         terrl@foster.com

22         PERKINS COIE LLP
23
           By: /S/ Margaret Hupp
24             Margaret C. Hupp, WSBA #43295
           Attorneys for Intervenor Kaiser Aluminum Washington LLC
25         1201 Third Ave., Ste. 4800, Seattle, WA 98101
26         (206) 359-8000
           MHupp@perkinscoie.com
27

28  STIPULATION AND [PROPOSED]                    David J. Kaplan.
    BRIEFING SCHEDULE - 7             United States Department of Justice
29                                      Environmental Defense Section
                                               P.O. Box 7611
    Case No. C11-1759RSL                   Washington D.C.  20044

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

BOB FERGUSON
Attorney General

By: /S/ Ronald Lavigne
     Ronald L. Lavigne, WSBA #18550
Attorneys for Intervenor State of Washington, Dept. of Ecology
P.O. Box 40117, Olympia, WA 98504
(360) 586-6751
RonaldL@atg.wa.gov


/S/ Theodore Knight
Theodore Clare Knight, WSBA# 39683
Attorney for the Spokane Tribe of Indians
9121 NE Briar Rose Lane
Bainbridge Island, WA 98110
509-953-1908
Email: theodoreknight@hotmail.com

STIPULATION AND [PROPOSED]
BRIEFING SCHEDULE  - 8

Case No. C11-1759RSL

David J. Kaplan.
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington D.C.  20044

## ATTACHMENT 1

Honorable Robert S. Lasnik

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| SIERRA CLUB; and CENTER FOR ENVIRONMENTAL LAW AND POLICY, )<br>)<br>Plaintiffs,<br>and )<br>)<br>SPOKANE TRIBE OF INDIANS, )<br>)<br>Plaintiff-Intervenor, )<br>)<br>v. )<br>)<br>DENNIS MCLERRAN; BOB PERCIASEPE; and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, )<br>)<br>Defendants,<br>and )<br>)<br>SPOKANE COUNTY: KAISER ALUMINUM WASHINGTON LLC; and STATE OF WASHINGTON DEPARTMENT OF ECOLOGY, )<br>)<br>Intervenors. ) | No. 2: 11-cv-01759-RSL<br><br>SECOND AMENDED AND SUPPLEMENTAL COMPLAINT SPOKANE TRIBE OF INDIANS |

Plaintiff-Intervenor, Spokane Tribe of Indians, by and through its counsel of record, Ted

Knight, submits this Second Amended and Supplemental Complaint.

SECOND AMENDED AND SUPPLEMENTAL COMPLAINT
PLAINTIFF-INTERVENOR
SPOKANE TRIBE OF INDIANS -1
No. C11-1759RSL

**OFFICE OF THE SPOKANE TRIBAL ATTORNEY**
P.O. Box 100
Wellpinit, WA 99040
(509) 953-1908

# I. INTRODUCTION

1.      This action is a citizen suit brought under Section 505(a)(2) of the Clean Water Act ("CWA") as amended, 33. U.S.C. § 1365(a)(2). Plaintiff-Intervenor, the Spokane Tribe of Indians, seek a declaratory judgment, injunctive relief, and the award of litigation expenses, including attorney's fees and expert witnesses' fees, for defendant United States Environmental Protection Agency's and its Administrators' ("EPA") failure to perform their nondiscretionary duties under the CWA Section 303(d)(2), 33 U.S.C. § 1313(d)(2), concerning defendant's obligations to approve or disapprove, and upon disapproval, to promulgate the total maximum daily load ("TMDL") for PCBs constructively submitted by the Washington State Department of Ecology for various segments of the Spokane River.  Plaintiff-Intervenor assert claims under the Administrative Procedures Act, 5 U.S.C. §§ 701-706. Additionally, Plaintiff-Intervenor asserts claims for breach of EPA's common law trust responsibility and fiduciary duty it owes to the Plaintiff-Intervenor.

# II. JURISDICTION AND VENUE

2.      Plaintiff-Intervenor, the Spokane Tribe of Indians, hereby incorporates by reference ¶¶ 2-6 of Plaintiffs' Sierra Club and Center for Environmental Law and Policy's First Amended and Supplemental Complaint, Docket No. 61.

3.      In regards to Plaintiff-Intervenor, the Spokane Tribe of Indians, this Court has jurisdiction under 28 U.S.C. § 1362 and 28 U.S.C. § 1331.

# III. PARTIES

4.      Plaintiff-Intervenor, Spokane Tribe of Indians, is a federally recognized Indian Tribe with roughly 2700 Tribal Members. The Tribe's Reservation was established in August of 1877 after the Tribe was forced from its land by the United States government.  The Tribe's

SECOND AMENDED AND SUPPLEMENTAL COMPLAINT
PLAINTIFF-INTERVENOR
SPOKANE TRIBE OF INDIANS -2
No. C11-1759RSL

OFFICE OF THE SPOKANE TRIBAL ATTORNEY
P.O. Box 100
Wellpinit, WA 99040
(509) 953-1908

Reservations' borders are the East Bank of Chamokane Creek, the South Bank of the Spokane

River, the West Bank of the Columbia River and the Northern Border is the 48th parallel. The

Tribe's ancestral lands as found by the Indian Claims Commission and affirmed by the United

States Court of Claims includes the entirety of the Spokane River as it flows through what is now

Washington State.  Additionally, the Tribe has unquantified water rights with a priority date of

1877 within the Spokane River, which also include a right to water of a quality that can sustain

fish and other aquatic life.  The Tribe's Reservation is located directly downstream from the City

of Spokane and surrounding communities, and the subject matter of this case.  Fish within the

portion of the Spokane River that flows across the Reservation have elevated levels of PCBs that

cause them to be harmful to eat.  The water of the Spokane River that flows across the

Reservation does not meet the Tribe's water quality standards for PCBs.  Additionally, the

Tribe's membership fish throughout the Spokane River watershed and use the waters for cultural

and subsistence uses.  Finally, the Tribe is treated in the same manner as a state for purposes of

the Clean Water Act, and has EPA approved Water Quality Standards.

     5.     The Tribe's water quality standards are currently not being met. The Tribe's

membership cannot safely eat fish and aquatic resources throughout the Spokane River. EPA is

not meeting its federal trust responsibility to the Tribe by failing to follow its own regulations

and its non-discretionary duties. The relief sought in this lawsuit can redress the Tribe's injuries

and protect the Tribe's and its members' interests and resources.

     6.     The Tribe hereby incorporates by reference Plaintiffs', Sierra Club and Center for

Environmental Law and Policy, descriptions of themselves contained in their Complaint at ¶¶ 7-

9, Docket No. 61.

SECOND AMENDED AND SUPPLEMENTAL COMPLAINT
PLAINTIFF-INTERVENOR
SPOKANE TRIBE OF INDIANS -3
No. C11-1759RSL

OFFICE OF THE SPOKANE TRIBAL ATTORNEY
P.O. Box 100
Wellpinit, WA 99040
(509) 953-1908

7.      The Tribe hereby incorporates by reference the Plaintiffs' description of the EPA Defendants contained in their Complaint. (Docket No. 61 at ¶¶ 10-12).   Additionally, as a federal agency all of the EPA Defendants have a trust responsibility with the Tribe, and they owe a fiduciary duty to the Tribe.

8.      Defendant-Intervenor, the State of Washington, Department of Ecology, is the Washington State Agency with delegated authority under the Clean Water Act.

9.      Defendant-Intervenor, Spokane County is a political subdivision of the State of Washington, and also owns the new Spokane County Regional Water Reclamation Facility ("SCRWRF").  SCRWRF discharges PCBs into the Spokane River.

10.     Defendant-Intervenor, Kaiser Aluminum Washington, LLC, a Delaware Corporation, owns and operates a facility that produces high-quality aluminum products along the Spokane River.  Kaiser Aluminum Washington, LLC discharges PCBs into the River.

## IV. FACTS

11.     The Tribe hereby incorporates by reference Plaintiffs' factual description contained in their Complaint.  (Docket No. 61 at ¶¶ 13-35).

12.     The Tribe has unquantified water rights with a priority date of 1877 within the Spokane River, which also include a right to water of a quality that can sustain fish and other aquatic life.

13.     The Tribe has "paramount use" of a portion of Lake Roosevelt for fishing, hunting, and boating.  16 U.S.C. § 835d.  Lake Roosevelt encompasses portions of the Spokane River and the Columbia River.

14.     The Tribe's membership lives within the Reservation and throughout the region. (Declaration of Brian Crossley ("Crossley Dec.") at ¶ 17).  Many members exercise their fishing

SECOND AMENDED AND SUPPLEMENTAL COMPLAINT
PLAINTIFF-INTERVENOR
SPOKANE TRIBE OF INDIANS -4
No. C11-1759RSL

OFFICE OF THE SPOKANE TRIBAL ATTORNEY
P.O. Box 100
Wellpinit, WA 99040
(509) 953-1908

rights within the portion of the Spokane River that is contained within the Reservation, but also recreate and fish throughout their ancestral lands, including all portions of the Spokane River. (Crossley Dec. at ¶¶ 16, 17, Ex. 1). The Tribe's membership utilizes the surface and ground waters of the Reservation, including the Spokane River, for ceremonial and subsistence purposes. (Crossley Dec. at ¶ 16). The Tribe operates several campgrounds on the banks of the Spokane River, and operates a Marina and Resort at the confluence of the Spokane and Columbia Rivers. (Crossley Dec. at ¶ 16).

15.    In an effort to protect the Tribe's membership and guests from pollution in the waters of the Reservation, the Tribe applied for and was granted treatment in the same manner as a state status ("TAS") in 2002 under the Clean Water Act ("CWA"), 33 U.S.C. § 1377(e), and the implementing regulations 40 C.F.R. § 131.8. (Crossley Dec. at ¶ 8). Obtaining TAS by the Tribe was designed to improve the quality of the Tribe's waters for resident fish, cultural and subsistence use, but also to help prepare the Tribe's water for the eventual return of anadromous fish once fish passage is achieved at Chief Joseph and Grand Coulee Dams. (Crossley Dec. at ¶ 12). The Tribe's first water quality standards were approved by the EPA in April of 2003. (Crossley Dec. at ¶ 9). The Tribe's EPA approved fish consumption rate ("FCR") is currently 86.3 grams/per day. (Crossley Dec. at ¶ 10). The current FCR results in a surface water quality standard of 3.37 pg/L for PCBs. (Crossley Dec. at ¶ 10).

16.    Washington State in its "Spokane River PCB Source Assessment 2003-2007," describes the PCB problem in these terms:

> Total PCB concentrations in water increased with successive reaches moving downstream from the Idaho border (106 pg/l, parts per quadrillion) to lower Lake Spokane (formerly Long Lake; 399 pg/l), with a corresponding eight-fold increase in loads (477 – 3,664 mg/day), on average. The Washington State PCB human health criterion for surface water is 170 pg/l. Although PCB concentrations in Spokane River fish are generally much lower than historical levels, fish in most

SECOND AMENDED AND SUPPLEMENTAL COMPLAINT
PLAINTIFF-INTERVENOR
SPOKANE TRIBE OF INDIANS -5
No. C11-1759RSL

OFFICE OF THE SPOKANE TRIBAL ATTORNEY
P.O. Box 100
Wellpinit, WA 99040
(509) 953-1908

areas did not meet the state's human health criterion in edible tissue (5.3 ng/g, parts per billion).[1]

Long Lake Dam is less than two-(2) river miles from the Tribe's border, and as stated above the PCB levels at Long Lake are 118 times higher than the Tribe's water quality standards allow.

17.     Total maximum daily loads ("TMDL") are the Clean Water Act's mechanism for cleaning up water bodies that fail to meet applicable water quality standards. 33 U.S.C. § 1313(d).  In short, TMDLs calculate a load of pollution that a water body can accept and still meet water quality standards.  *Id.*  This load is split amongst the sources of the pollution into what is called waste load allocations ("WLA").  40 C.F.R. § 130.2(h) and (c).  Currently, there is no enforceable PCB TMDL for any portion of the Spokane River.  The situation leaves the Tribe unable to meet its own water quality standards based on a FCR of 86.3 grams/per day, but also in all likelihood leads to exceedances of the State of Oregon's water quality standards which are based on 175 grams/per day FCR which is over two times more stringent than the Tribe's current standards (the Spokane River flows into the Columbia and then into Oregon).  (Crossley Dec. at ¶¶ 13, 15).

18.     With its limited resources the Tribe attempts to track all activities upstream of the Reservation that can affect the water quality in the Reservation's waters. (Crossley Dec. at ¶¶ 4, 5).  Over the past decade the State of Washington with the assistance of EPA completed a dissolved oxygen TMDL for a portion of the Spokane River in 2010, and the corresponding NPDES permits were issued in 2011. (Crossley Dec. at ¶ 19).  In the spring of 2011, the Tribe became concerned that Ecology was planning to allow a new NPDES permit for the Spokane

---

[1] Available at
https://fortress.wa.gov/ecy/publications/publications/1103013.pdf, at page 9
(Last visited January 22, 2013).

SECOND AMENDED AND SUPPLEMENTAL COMPLAINT
PLAINTIFF-INTERVENOR
SPOKANE TRIBE OF INDIANS -6
No. C11-1759RSL

OFFICE OF THE SPOKANE TRIBAL ATTORNEY
P.O. Box 100
Wellpinit, WA 99040
(509) 953-1908

River and it planned to include no numeric limits for PCBs in that new permit even though there was not an approved PCB TMDL in place. (Crossley Dec. ¶¶ 20, 21). The Tribe sent a letter outlining its concerns to EPA on May 27, 2011. (Crossley Dec. ¶¶ 20, 21, Ex. 2). After the letter was sent discussions between the Tribe, EPA and Ecology began and carried on for several weeks. (Crossley Dec. ¶ 22). Through those discussions Ecology and the dischargers advocated for the formation of a regional group that would focus on the reduction of PCBs as the equivalent of a PCB TMDL. (Crossley Dec. ¶ 23). The Tribe interpreted this action as a way to avoid the potentially costly waste load allocations that would result if a PCB TMDL was adopted. (Crossley Dec. ¶ 24). Additionally, EPA indicated that it would not object to the issuance of the new NPDES permit even though it lacked a PCB limit of zero. (Crossley Dec. ¶ 25, Ex. 8). Frustrated but still wanting to work with EPA and Ecology at the government-to-government level the Tribe participated in the development of the Spokane River Regional Toxics Task Force ("Task Force" or "SRRTTF") Memorandum of Agreement ("MOA") through the fall of 2011. (Crossley Dec. ¶ 26).

19.     The Tribe's concerns regarding the legality, the effectiveness, and the ability of the Task Force to act as a TMDL came to head in February of 2012 when it was asked to sign the MOA, and the Tribe sent a letter to Ecology notifying the Agency that the Tribe would not sign the MOA and outlined some concerns. (Crossley Dec. ¶ 28, Ex. 3). Then in mid-April, the Tribe learned that EPA had stated in a letter that EPA did not have the legal authority to force the Idaho dischargers that discharge into the Spokane River to participate in the Task Force. (Crossley Dec. ¶ 29, Ex. 4). After reviewing the EPA letter, the Tribe sent out two letters. (Crossley Dec. ¶ 30). On May 18, 2012, the first letter was sent to EPA notifying the agency that the Tribe wanted EPA to begin the development of three TMDLs for the Tribe's waters; PCBs,

SECOND AMENDED AND SUPPLEMENTAL COMPLAINT
PLAINTIFF-INTERVENOR
SPOKANE TRIBE OF INDIANS -7
No. C11-1759RSL

OFFICE OF THE SPOKANE TRIBAL ATTORNEY
P.O. Box 100
Wellpinit, WA 99040
(509) 953-1908

Dissolved Oxygen, and Temperature. (Crossley Dec. ¶ 30, Ex. 6). On May 21, 2012, the Tribe then sent a letter to Ecology with a copy to EPA notifying Ecology that the Tribe would no longer be involved with the Task Force and urged them to develop a legally enforceable PCB TMDL. (Crossley Dec. ¶ 30, Ex. 5).

20.     The Tribe received little response from EPA regarding these issues over the next several months. (Crossley Dec. ¶ 31). Then in the fall of 2012, as part of the Clean Water Act Section 401(a)(2) process, EPA notified the Tribe that they would be sharing with the Tribe the pre-draft NPDES permits for three Idaho dischargers. (Crossley Dec. ¶ 32). During that review in December 2012, the Tribe became aware that EPA was going to attempt to require the Idaho dischargers to participate in the Task Force instead of providing numeric PCB limits or the preparation of a legally enforceable PCB TMDL. (Crossley Dec. ¶ 33). At this point, the Tribe realized that the circumstances were such that although it would prefer to work on a government-to-government level with Ecology and EPA, litigation was the only option left. (Crossley Dec. ¶ 35, Ex. 7).

20.     On April 12, 2013, EPA took action on Sierra Club's and Center for Environmental Law and Policy's December 3, 2012 and December 13, 2012 requests to approve or disapprove the constructive submission of a Total Maximum Daily Load for PCBs in the Spokane River.

## V. CAUSES OF ACTION

### First Cause of Action-Clean Water Suit

21.     The Tribe hereby incorporates by reference Plaintiffs' description of its causes of action as stated in their Complaint as its own. (Docket No. 61 at ¶¶ 36-39).

SECOND AMENDED AND SUPPLEMENTAL COMPLAINT
PLAINTIFF-INTERVENOR
SPOKANE TRIBE OF INDIANS -8
No. C11-1759RSL

OFFICE OF THE SPOKANE TRIBAL ATTORNEY
P.O. Box 100
Wellpinit, WA 99040
(509) 953-1908

22.     The EPA breached its trust responsibility and fiduciary duty to the Tribe by failing to perform its nondiscretionary duties under 33 U.S.C. § 1313(d)(2).

## Second Cause of Action-APA

23.     Plaintiff-Intervenor hereby incorporates by reference Plaintiffs' description of its causes of action as stated in their Complaint as its own. (Docket No. 61 at ¶¶ 40-42).

24.     EPA Defendants' April 12, 2013 determination failed to protect the interests of the Spokane Tribe, and EPA Defendants have breached and will continue to breach their trust responsibility and minimum fiduciary duty owed to the Spokane Tribe because the April 12, 2013 determination is not in accordance with 33 U.S.C. § 1313(d)(2) and federal common law, and is in violation of 5 U.S.C. § 706(2)(A)&(D).

## VI. RELIEF REQUESTED

Whereof, Plaintiff-Intervenor respectfully requests that this Court grant the following relief:

A.     Issue a declaratory judgment that EPA has failed to perform its non-discretionary duties under 33 U.S.C. § 1313(d)(2) with respect to the Spokane River PCB TMDL constructively submitted by Ecology;

B.     Enjoin EPA to perform its non-discretionary duties on an expeditious schedule;

C.     Order EPA to perform its fiduciary duties required by its trust responsibility;

C.     Award Plaintiff-Intervenor their litigation expenses, including reasonable attorneys' and expert witness fees, as authorized by Section 505(d) of the CWA, 33 U.S.C. § 1365(d), and 28 U.S.C. § 2412; and

D.     Award such other relief as this Court deems appropriate.

SECOND AMENDED AND SUPPLEMENTAL COMPLAINT
PLAINTIFF-INTERVENOR
SPOKANE TRIBE OF INDIANS -9
No. C11-1759RSL

OFFICE OF THE SPOKANE TRIBAL ATTORNEY
P.O. Box 100
Wellpinit, WA 99040
(509) 953-1908

1

Respectfully submitted this 9th  day of September 2013.

2

By: s/Ted Knight

3
Ted Knight, WSBA #39683
Contract Attorney

4
Office of the Spokane Tribal Attorney
Spokane Tribe of Indians

5
PO Box 100

6
Wellpinit, WA 99040
Phone (509) 953-1908

7
tedk@spokanetribe.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED AND SUPPLEMENTAL COMPLAINT                         OFFICE OF THE SPOKANE TRIBAL ATTORNEY
PLAINTIFF-INTERVENOR                                              P.O. Box 100
SPOKANE TRIBE OF INDIANS -10                                        Wellpinit, WA 99040
No. C11-1759RSL                                                    (509) 953-1908

## ATTACHMENT 2

<u>ATTACHMENT 2</u>

| | |
|---|---|
| 2/4/2013 | Brian Crossley Declaration filed in 11-cv-01759-RSL |
| 4/2010 | 2008 Washington State Toxics Monitoring Program |
| 1/2009 | Washington State Department of Health Fish Advisory-Spokane River |
| 2009 | Washington State Department of Health Updated Fish Advisory |
| 4/30/2008 | Washington State Department of Health News Release |
| 8/5/2011 | Health Consultation Potential Cumulative Health Effects Associated with Eating Spokane River Fish |
| 3/29/2012 | McLerran letter to Hubbard-Gray discussing Spokane River Regional Toxics Task Force |
| 2/5/2013 | Letter to Brian Crossley from C. Psyk responses to Tribe's Comments on PRE-Draft Idaho NPDES Permits (Documents in Record at 36, 37, 38) |
| 12/2011 | EPA PCB TMDL Handbook |
| 2/2005 | Implementation of Washington's TMDL Program 1998-2003 |
| 1996 | May 31, 1996 Letter Transmitting Washington State 303d list 1996 |