UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SIERRA CLUB, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MICHELLE PIRZADEH, ACTING REGIONAL ADMINISTRATOR OF THE ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> Defendants. | No.  C11-1759-BJR <br><br> ORDER GRANTING MOTION TO ENTER PROPOSED CONSENT DECREE |

This matter comes before the Court on a joint motion to enter a proposed consent decree. Dkt. No. 251.  The motion is brought by the following parties to the proposed consent decree: (1) Plaintiffs Sierra Club and Center for Environmental Law and Policy; (2) Plaintiff-Intervenor Spokane Tribe of Indians; and (3) Defendants United States Environmental Protection Agency (EPA); Michelle Pirzadeh, Acting Regional Administrator of the EPA; and Michael S. Regan, EPA Administrator.[1]  Defendant-Intervenors Spokane County, Kaiser Aluminum Washington LLC, and State of Washington Department of Ecology do not oppose the motion.

The proposed consent decree would resolve this lawsuit, which was filed 11 years ago. To summarize briefly, the proposed decree would require EPA to issue Total Maximum Daily

---

[1] Pursuant to Fed. R. Civ. P. 25(d), defendants Pirzadeh and Regan are automatically substituted for the former holders of their offices who had previously been named as defendants in this matter.

ORDER - 1

Loads (TMDLs) for polychlorinated biphenyls (PCBs) for certain portions of the Spokane River and adjacent waters by September 30, 2024.[2] Until the EPA issues the PCB TMDLs, the agency would be required to file status reports every 180 days to inform the Court and the parties of EPA's progress and the work it intends to undertake during the next 180-day period. The proposed decree also provides that the parties will attempt to settle any claims for attorney's fees and costs, and requires any petition for fees to be filed within 165 days of the entry of the decree. The proposed decree would terminate when the EPA has issued the PCB TMDLs, with the Court retaining jurisdiction over the decree until it is terminated.

"A district court should enter a proposed consent judgment if the court decides that it is fair, reasonable and equitable and does not violate the law or public policy." *Sierra Club, Inc. v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990). A consent decree must come "within the general scope of the case made by the pleadings" and "must further the objectives of the law upon which the complaint was based." *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO v. City of Cleveland*, 478 U.S. 501, 525 (1986). The Court also considers whether the proposed consent decree is in the public interest. *United States v. Oregon*, 913 F.2d 576, 581 (9th Cir. 1990).

The Court finds that the proposed consent decree satisfies these requirements. The proposed decree would resolve this longstanding litigation by ensuring that EPA issues PCB TMDLs for the identified segments of the Spokane River and adjacent waters. This result is within the general scope of the pleadings and would further the objectives of the law upon which Plaintiff's complaint and Plaintiff-Intervenor's complaint are based. The proposed decree was

---

[2] The proposed decree indicates that the parties "recognize that circumstances may arise that warrant the modification of the September 30, 2024, deadline" and sets forth provisions for potential modification of this deadline. Dkt. No. 251-1 at 3.

ORDER - 2

reached after many years of contested litigation and following arms-length negotiations by the parties to the decree. Defendant-Intervenors do not oppose entry of the decree, and the Court finds no concerns that the proposed decree would violate the law or public policy. As a result, the Court finds that the proposed consent decree is fair, reasonable, equitable, and in the public interest, and will approve its entry.

Therefore, the Court GRANTS the joint, unopposed motion to enter the proposed consent decree (Dkt. No. 251). The consent decree will be entered concurrently with this Order and will serve as a final judgment in this matter under Federal Rule of Civil Procedure 54 and Federal Rule of Civil Procedure 58.

Dated: February 11, 2022

*Barbara J. Rothstein*

Barbara Jacobs Rothstein
U.S. District Judge

ORDER - 3