HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SIERRA CLUB, *et al.*, <br><br> Plaintiffs, <br><br> and <br><br> THE SPOKANE TRIBE OF INDIANS, <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> MICHELLE PIRZADEH, ACTING REGIONAL ADMINISTRATOR OF THE ENVIRONMENTAL PROTECTION AGENCY, *et al.*, <br><br> Defendants, <br><br> and <br><br> SPOKANE COUNTY; KAISER ALUMINUM WASHINGTON LLC; and STATE OF WASHINGTON DEPARTMENT OF ECOLOGY, <br><br> Defendant-Intervenors. | No. C11-1759BJR <br><br> CONSENT DECREE BETWEEN PLAINTIFFS, PLAINTIFF-INTERVENOR, AND DEFENDANTS |

CONSENT DECREE    - 1
Case No. C11-1759BJR

WHEREAS, this Consent Decree is between Plaintiffs Sierra Club and Center for Environmental Law & Policy (collectively "Sierra Club/CELP" or "Plaintiffs"), Plaintiff-Intervenor Spokane Tribe of Indians ("the Tribe"), and Defendants Michelle Pirzadeh, the Acting Regional Administrator of the Environmental Protection Agency, et al., (collectively "EPA");

WHEREAS, in this lawsuit, Plaintiffs and the Tribe allege, among other things, that based upon an alleged constructive submission by the Washington State Department of Ecology ("Ecology"), EPA has a nondiscretionary duty under Section 303(d) of the Clean Water Act to approve or disapprove and, upon disapproval, issue Total Maximum Daily Loads ("TMDLs") for polychlorinated biphenyls ("PCBs") for certain segments of the Spokane River, the Little Spokane River, and Lake Spokane (Long Lake) in Washington State, which are all listed as impaired for PCBs;

WHEREAS, in 2006, Ecology prepared and distributed for stakeholder review draft PCB TMDLs for certain PCB-impaired segments of the Spokane River, Little Spokane River, and Lake Spokane (Long Lake) in Washington State, but subsequently stopped work on and issuance of PCB TMDLs for those segments;

WHEREAS, this Court has previously issued rulings on a number of dispositive motions in this case, including the Court's March 16, 2015 decision, in which the Court found that Ecology had prioritized development of PCB TMDLs for the referenced PCB-impaired segments and that at the time Ecology had come "dangerously close" to a constructive submission for those impaired segments;

WHEREAS, Plaintiffs and the Tribe allege, among other things, that in the intervening years, Ecology has constructively submitted no PCB-TMDLs for these impaired segments; and

CONSENT DECREE - 2
Case No. C11-1759BJR

David J. Kaplan.
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington D.C. 20044

WHEREAS, Plaintiffs, the Tribe, and EPA (collectively the "Parties") intend to resolve Plaintiffs' and the Tribe's claims and this lawsuit without any further adjudication and without any admission of any issue of fact or law.

NOW THEREFORE, it is hereby ordered, adjudged, and decreed as follows:

1) EPA shall issue PCB TMDLs for the following PCB-impaired water segments Assessment Units in the Spokane River, the Little Spokane River, and/or Lake Spokane (Long Lake) located in Washington State (or as these same PCB-impaired Assessment Units have been or may be subsequently renumbered by the Washington State Department of Ecology): 17010305000009; 17010305000010; 17010305000011; 17010305000012; 17010307000010; 17010307000774; 17010307009102; 17010307009615; 17010308000018; 47117H513; 47117I6C1; 47117I7D4; 47117I8C2; 47117I5A4; 47117H5J8; 47117I7E2; 47117I7D3; 47117I7B9 and 47117I5A5.  EPA shall issue the TMDLs by a deadline of September 30, 2024.  For purposes of this Consent Decree, TMDL has the meaning provided at 40 C.F.R. § 130.2(i) as of the date of entry of this Decree.

2) Until this Consent Decree terminates pursuant to paragraph 15, EPA shall file status reports with the Court every 180 days to apprise the Parties and the Court of EPA's progress satisfying the requirement in paragraph 1 and of the work EPA intends to undertake during the next 180 day period.

3) The Parties recognize that circumstances may arise that warrant the modification of the September 30, 2024, deadline in paragraph 1 above.  The deadline may be extended by written agreement of Plaintiffs, the Tribe, and EPA, with notice provided to the Court.  To the extent the Parties are not able to agree to an extension of the deadline in paragraph 1 of this

CONSENT DECREE                - 3
Case No. C11-1759BJR

David J. Kaplan.
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington D.C. 20044

Consent Decree, EPA may seek a modification of the date in accordance with the procedures specified below.

    a.    If EPA files a motion requesting a modification of the September 30, 2024 deadline in paragraph 1 by more than 30 days but less than 91 days (that is, to no later than December 29, 2024), provides notice to Plaintiffs and the Tribe at least 30 days prior to filing such motion, and files the motion at least 60 days prior to the deadline in paragraph 1, then the filing of such motion shall automatically extend the date in paragraph 1.  Such automatic extension shall remain in effect until the earlier of (i) a dispositive ruling by this Court on such motion, or (ii) the date (or number of days) sought in the motion (that is, to no later than December 29, 2024).

    b.    If EPA files a motion requesting a modification of the September 30, 2024 deadline in paragraph 1 by 30 days or less (that is, to no later than October 30, 2024), provides notice to Plaintiffs at least 15 days prior to the deadline in paragraph 1, and files the motion at least 7 days prior to the date for which modification is sought, then the filing of such motion shall automatically extend the deadline in paragraph 1.  Such extension shall remain in effect until the earlier of (i) a dispositive ruling by this Court on such motion, or (ii) the date (or number of days) sought in the motion (that is, to no later than October 30, 2024).

    c.    EPA may, after conferring with Plaintiffs and the Tribe, file a motion for a modification of the deadline in paragraph 1 without providing notice and satisfying the advance filing requirements pursuant to subparagraphs 2(a) or 2(b).  No automatic extension will be given if EPA seeks an extension under this subparagraph, although EPA may move the Court for a stay of the deadline in paragraph 1.

CONSENT DRECREE - 4
Case No. C11-1759BJR

David J. Kaplan.
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington D.C. 20044

4) Any provision of this Consent Decree, including paragraph 1, may otherwise be modified (a) in a written agreement of Plaintiffs, the Tribe, and EPA, with notice provided to the Court or (b) by the Court in accordance with Fed. R. Civ. P. 60(b), provided that the movant for such relief first confers with the other Parties prior to filing its motion.

5) Before Plaintiffs or the Tribe may file a motion to enforce any requirement of this Consent Decree, that party shall provide EPA with no less than 30 days advance written notice of the basis for any alleged non-compliance and an opportunity to meet to discuss this matter.

6) Nothing in this Consent Decree shall be construed to otherwise confer upon this Court jurisdiction to review any decision, either procedural or substantive, made by EPA pursuant to this Consent Decree, including the PCB TMDLs issued by EPA, except for the limited purpose of determining EPA's compliance with any requirement of this Consent Decree. The Parties agree that Plaintiffs' and the Tribe's sole remedy should they dispute the PCB TMDLs EPA issues pursuant to this Consent Decree is to challenge EPA's action issuing those TMDLs in a new lawsuit. EPA reserves all its defenses to any such suit or suits.

7) Plaintiffs and the Tribe reserve the right to seek an award of reasonable attorneys' fees and costs under the Clean Water Act fee-shifting provision, and EPA reserves the right to contest any such fees and costs claimed by Plaintiffs or the Tribe. In the event that such a claim for fees and costs cannot be resolved through a separate settlement, Plaintiffs and the Tribe may file petitions with the Court for the award of such fees and costs no later than 165 days after the effective date of this Consent Decree. Plaintiffs and the Tribe may file such petitions before such time if the Parties agree that a fee settlement cannot be reached.

8) No provision of this Consent Decree shall be interpreted as or constitute a

CONSENT DECREE - 5
Case No. C11-1759BJR

David J. Kaplan.
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington D.C. 20044

commitment or requirement that the United States or EPA obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341. Except as explicitly provided for in this Consent Decree, nothing in this Consent Decree shall be construed to curtail the discretion afforded EPA under the Clean Water Act or the Administrative Procedure Act.

9) This Consent Decree is the product of good faith, arm's length negotiations by the Plaintiffs, the Tribe, and EPA. Each of these Parties contributed to its drafting. In any dispute over the meaning of any provision of this Consent Decree, Plaintiffs, the Tribe, and EPA shall be treated as having contributed equally to the drafting of that provision.

10) This Consent Decree represents the full and final resolution of any and all claims, known or unknown, that have been, could have been, could now be, or could hereafter be asserted by Plaintiffs and the Tribe under any federal, state, or local law or regulation against EPA in connection with (a) the assertions in Plaintiffs' Third Supplemental Complaint (Dkt. 213) and the Tribe's Fourth Amended Complaint (Dkt. 226), (b) any assertions that PCB TMDLs are required for the PCB-impaired segments of the Spokane River, the Little Spokane River, and Lake Spokane (Long Lake) in Washington State specified in paragraph 1 above, (c) any assertions that EPA's prior Plan for addressing PCBs in the Spokane River (Dkt. 129-1), or alleged actions or inactions by EPA with regard to or based on that Plan, are arbitrary, capricious, contrary to law, or otherwise subject to judicial compulsion, and (d) all claims that would have been precluded under res judicata and related principles of preclusion had this matter proceeded to judgment on all claims in Plaintiffs' Third Supplemental Complaint and the Tribe's Fourth Amended Complaint. Plaintiffs and the Tribe covenant not to bring any judicial or administrative action or lawsuit under any federal, state, or local law or regulation against EPA with regard to the foregoing.

David J. Kaplan.
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington D.C. 20044

11) Plaintiffs, the Tribe, and EPA agree that this Consent Decree is fair, reasonable, and in the public interest. This Consent Decree was negotiated and executed in good faith and at arm's length and is a fair and equitable compromise of disputed claims. This Consent Decree is not and shall not constitute or be construed as an admission by EPA of any factual or legal allegations made by Plaintiffs or the Tribe, an admission of liability, or an admission of any other kind or character whatsoever by EPA. Neither this Consent Decree nor EPA's performance under this Consent Decree is intended to have, and shall not be deemed to have, any evidentiary or precedential effect in any other judicial or administrative action involving claims asserted against EPA.

12) This Consent Decree shall be governed by and construed under federal law.

13) The individuals signing this Consent Decree on behalf of Plaintiffs, the Tribe, and EPA hereby certify that they are authorized to bind their respective party to this Consent Decree. This Consent Decree may be executed by multiple signature pages.

14) This Consent Decree shall be effective upon the date of its entry by the Court.

15) The Consent Decree shall terminate when EPA has issued PCB TMDLs for the impaired segments of the Spokane River, the Little Spokane River, and Lake Spokane (Long Lake) in Washington State as set forth in paragraph 1 above.

16) All deliverables, modifications, notices, notifications, and requests specified in this Consent Decree must be in writing unless otherwise specified. Whenever, under this Decree, notice is required to be given, or a document is required to be sent, by one Party to another, it must be directed to the person(s) specified below at the address(es) and email(s) specified below. Any Party may change the person and/or address applicable by providing notice of such change to all Parties in writing or via email. All notices under this Decree are

CONSENT DECREE - 7
Case No. C11-1759BJR

David J. Kaplan.
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington D.C. 20044

effective upon receipt, unless otherwise specified.  Except as otherwise provided, written notice to a party by regular mail in accordance with this Decree satisfies any notice requirement of the Decree regarding such party.

**As to EPA**:

David J. Kaplan
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington D.C. 20044
david.kaplan@usdoj.gov

**As Plaintiffs:**

Marc Zemel
Richard Smith
Smith & Lowney, PLLC
2317 E. John St.
Seattle WA 98112
marc@smithandlowney.com
richard@smithandlowney.com

**As to the Tribe:**

Ted C. Knight, Special Legal Counsel
Office of the Spokane Tribal Attorney
Spokane Tribe of Indians
PO Box 100
Wellpinit, WA 99040
Phone (509) 953-1908
tedk@spokanetribe.com

17) This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties regarding the settlement embodied in this Decree.  The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Decree.

18) Upon entry of this Consent Decree by the Court, this Decree shall constitute a final judgment between and among the Parties.  The Court finds that there is no just reason for

CONSENT DECREE
Case No. C11-1759BJR
- 8 -
David J. Kaplan.
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington D.C. 20044

delay and, therefore, enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58. This Court retains jurisdiction over this Consent Decree until it terminates pursuant to paragraph 15.

IT IS SO ORDERED, this 11th day of February, 2022.

<u>s/Barbara J. Rothstein</u>
Barbara Jacobs Rothstein
U.S. District Judge

CONSENT DECREE - 9
Case No. C11-1759BJR

David J. Kaplan.
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington D.C. 20044

Signature Page for Consent Decree

**FOR DEFENDANTS:**

Todd Kim
Assistant Attorney General
Environment & Natural Resources Division

/s/ David Kaplan             Dated: January 25, 2022
David J. Kaplan
Attorneys for Federal Defendants
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
(202) 514-0997
David.kaplan@usdoj.gov

Nicholas W. Brown
United States Attorney
Brian Kipnis
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271

**FOR PLAINTIFFS:**

/s/ Marc Zemel             Dated: January 25, 2022
Marc Zemel
Richard Smith
Smith & Lowney, PLLC
2317 E. John St.,
Seattle, WA 98112
(206) 860-2883

**FOR PLAINTIFF-INTERVENOR THE SPOKANE TRIBE**

/s/ Ted Knight             Dated: January 25, 2022
Ted C. Knight
Special Legal Counsel
Office of the Spokane Tribal Attorney
Spokane Tribe of Indians
PO Box 100
Wellpinit, WA 99040
Phone (509) 953-1908
tedk@spokanetribe.com

CONSENT DECREE - 10
Case No. C11-1759BJR

David J. Kaplan.
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington D.C. 20044